(68 Misc. Rep. 430.)

### PEOPLE v. McCORMACK.

(Court of General Sessions, New York County. July, 1910.)

1. INDICTMENT AND INFORMATION (§ 148*)—DEMURRER—SUFFICIENCY.

   A demurrer to an indictment, which does not follow the language of the Code, nor specify the alleged grounds of objection as distinctly as it would had it followed such language, but which uses equivalent language, cannot to such extent be disregarded, under Code Cr. Proc. § 324, providing that the demurrer must distinctly specify the grounds of objection, or it may be disregarded.

   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 495; Dec. Dig. § 148.*]

2. INDICTMENT AND INFORMATION (§ 147*)—DEMURRER—SUFFICIENCY.

   A ground of demurrer that the allegations of facts set forth in the indictment are insufficient to constitute any crime against the laws of the state, is equivalent to the ground of demurrer described by Code Cr. Proc. § 323, giving accused the right to demur to an indictment when it appears upon the face thereof that the facts stated do not constitute a crime, and hence is sufficient.

   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 490–494; Dec. Dig. § 147.*]

3. INDICTMENT AND INFORMATION (§ 147*)—DEMURRER—SUFFICIENCY.

   A ground of demurrer to an indictment that it does not fully and fairly inform accused of what he will be called upon to meet in the trial, and is evasive, uncertain, and does not conform to the requirements of the Code that an indictment shall fairly notify accused of what he will be accused of at the trial, is in part equivalent to the ground of demurrer stated in Code Cr. Proc. § 323, which gives the right to demur to an in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dictment when it appears upon the face thereof that it does not conform substantially to sections 275 and 276; the second clause of section 275 requiring that an indictment shall contain a plain and concise statement of the act constituting the crime, without unnecessary repetition.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 490–494; Dec. Dig. § 147.*]

4. INDICTMENT AND INFORMATION (§ 125*)—SUFFICIENCY OF ACCUSATION—MULTIFARIOUSNESS.

An indictment may be said to ·be multifarious where there is a misjoinder of crimes, in violation of the express provisions of Code Cr. Proc. § 278.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 125.*]

5. INDICTMENT AND INFORMATION (§ 113*)—SUFFICIENCY OF ACCUSATION—ALLEGATIONS OF PAST OFFENSES.

If allegations in an indictment relative to alleged past offenses, not relating to the crime charged, but to an alleged event in accused's life compelling, if found upon the trial to have occurred, the infliction of a heavier penalty, are insufficient, the only effect is to exclude evidence of such offenses.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 113.*]

6. INDICTMENT AND INFORMATION (§ 147*)—DEMURRER—SCOPE.

The power of a grand jury to find a superseding indictment, where the jury has disagreed upon trial of the superseded indictment, cannot be raised by demurrer.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 147.*]

7. INDICTMENT AND INFORMATION (§ 15*)—SUPERSEDING INDICTMENT—POWER TO FIND.

There is no legal obstacle to the finding by a grand jury of a superseding indictment, where the jury has disagreed upon trial of the superseded indictment, under Code Cr. Proc. § 292a, providing that if there be at any time pending against the same accused two indictments for the same offense, or for the same matter, though charged as different offenses, the indictment first found shall be deemed to be superseded, and shall be deemed set aside.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 83–86; Dec. Dig. § 15.*]

· Prosecution of James J. McCormack, otherwise called Joseph T. McDermott, for grand larceny. On demurrer to the indictment. Demurrer disallowed.

Thomas S. Morgan, Jr., for demurrant.

Charles S. Whitman, Dist. Atty. (James A. Delehanty, of counsel), for the People.

CRAIN, J. The defendant demurs to an indictment filed March 31, 1909, intended to charge him with the crime of grand larceny in the first degree as a second offense. An examination of the demurrer, in connection with sections 323 and 324 of the Code of Criminal Procedure, is necessary to determine to what extent it conforms to the re-- quirements of the statute and what questions are presented by it for decision.

The demurrer does not follow the language of the Code, and does not as distinctly specify the alleged grounds of objection to the indict-

ment, as it would have done had it followed such language. It, however, uses to the extent hereinafter stated equivalent language, and to such extent it cannot be disregarded under the provisions of section 324 of the Code of Criminal Procedure.

The first alleged ground of demurrer is stated as follows, namely:

"That the allegations of facts set forth in said indictment are insufficient to constitute any crime against the laws of the state of New York."

This language is the equivalent of that contained in the fourth subdivision of section 323 of the Code of Criminal Procedure. That subdivision gives a defendant the right to demur to an indictment when it appears upon the face thereof that the facts stated do not constitute a crime.

The second alleged ground of demurrer is stated as follows, namely:

"That said indictment does not fully and fairly inform the defendant of what he will be called upon to meet in the trial of said case, and is evasive, uncertain and does not conform to the requirements of the Code that an indictment shall fairly notify the defendant of what he will be accused of at the trial."

A part of this language may be said to be the equivalent of that contained in the second subdivision of section 323 of the Code of Criminal Procedure. That subdivision gives a defendant a right to demur to an indictment when it appears upon the face thereof that the indictment does not conform substantially to the requirements of sections 275 and 276 of that Code; and the second clause of section 275 requires that an indictment shall contain a plain and concise statement of the act constituting the crime, without unnecessary repetition.

The third and last alleged ground of demurrer is stated as follows, namely:

"Because said indictment is multifarious."

Multifariousness in a pleading may arise where several matters of a distinct and independent nature against several defendants are alleged, or where in a pleading against a single defendant several matters perfectly distinct and unconnected are united. An indictment may be said to be multifarious where there is a misjoinder of crimes in violation of section 278 of the Code of Criminal Procedure. The third alleged ground of demurrer may, therefore, be considered as the equivalent of that stated in the third subdivision of section 323, namely, that more than one crime is charged in the indictment, within the meaning of sections 278 and 279 of the Code of Criminal Procedure.

The indictment attacked by this demurrer supersedes one similarly worded, save for those allegations which refer to alleged prior offenses. The superseding indictment was demurred to by a demurrer more technically correct than the present, and raising the only questions now presented. That demurrer was disallowed. Unless the added allegations in the present indictment vitiate it, the decision upon the first demurrer is now decisive against the defendant. If the questions thus decided could, with propriety, be re-examined, the same conclusion would be reached. The indictment contains two counts, each charging grand larceny in the first degree as a second offense. The first (which is the one alone assailed) purports to set forth how or by

what means the crime was committed. It is attacked upon the theory that it was intended therein to allege a grand larceny by false representations, and that, so considered, for reasons stated in the defendant's brief, it is insufficient. It may be conceded that, if this premise were correct, this count would be defective. The contention fails, however, because the count in question was not designed to allege a larceny by false representations, but rather one by trick and device; and, so considered, it is sufficient. It probably is an unnecessary count, as, under the unassailed count, which is in the common-law form, evidence could likewise be received of a larceny by trick or device. People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546.

The allegations in the indictment relating to alleged past offenses do not relate to the crime charged, but to an alleged event in the life of the defendant compelling, if found upon the trial to have occurred, the infliction of a heavier penalty. People v. Raymond, 96 N. Y. 39; People v. Sickles, 156 N. Y. 541, 51 N. E. 288. They are properly in the indictment, not because of an express statutory requirement in that regard, but in obedience to the principle recognized and acted upon in People v. Price (Sess.) 2 N. Y. Supp. 414, and Matter of Kenny, 23 Misc. Rep. 9, 13, 49 N. Y. Supp. 1037, and cases there cited. If, for any reason, they insufficiently allege such prior offenses—a matter argued, but not passed upon—the only effect will be to exclude evidence of the same upon a trial.

It is urged on the argument that the indictment was improperly found, because, after the disallowance of the demurrer to the indictment superseded, the defendant pleaded not guilty and went to trial, and his case was submitted to a jury, who disagreed. There appears to be no legal obstacle to the finding by a grand jury of a superseding indictment under such circumstances (see Code Cr. Proc. § 292a), and the question as to the power of the grand jury in this respect cannot be raised by demurrer.

Demurrer disallowed.