In the Matter of ALBERT J. DE CANZIO, JR., Petitioner, v ROBERT P. KENNEDY, as Justice of the Supreme Court, et al., Respondents.

Fourth Department, April 6, 1979

**APPEARANCES OF COUNSEL**

*Thomas Cocuzzi (David A. Murante* of counsel), for petitioner.

*Robert Abrams, Attorney-General (John Warner, Jr.,* of counsel), for Robert P. Kennedy, respondent.

*Lawrence T. Kurlander, District Attorney, pro se (Howard Relin* of counsel), for Lawrence T. Kurlander, respondent.

**OPINION OF THE COURT**

SIMONS, J. P.

Petitioner has been convicted of murder and his conviction has been affirmed on appeal *(People v De Canzio,* 53 AD2d 1065, mot for lv to app den 40 NY2d 849). The judgment was subsequently vacated, however, because of newly discovered evidence (CPL 440.10, subd 1, par [g]), and in this article 78 proceeding petitioner seeks to prohibit respondents, the Justice to whom the case is assigned for trial and the District Attorney, from proceeding, claiming that his retrial places him twice in jeopardy (US Const, 5th, 14 Amdts; *Benton v Maryland,* 395 US 784; NY Const, art I, § 6; CPL 40.20 *et seq.).*

Prohibition is an appropriate remedy for one threatened with double jeopardy *(Matter of Di Lorenzo v Murtagh,* 36 NY2d 306, 309; *Matter of Kraemer v County Ct. of Suffolk County,* 6 NY2d 363; *Matter of Forte v Supreme Ct. of State of N. Y.,* 62 AD2d 704; *Matter of Cardin v Sedita,* 53 AD2d 253, 255), but such relief is unwarranted in the present proceeding. The petition should be granted only to the extent

that the prosecution is to proceed to trial upon the original Indictment, No. 32/1975, which is hereby reinstated. The superseding Indictment, No. 531/1978, was obtained without court permission after the judgment of conviction was vacated, and is a nullity (see CPL 40.30, subd 3; but see CPL 210.20, subd 4).

Briefly, these are the facts:

In 1973 petitioner and Charles Monachino, with others, planned a robbery of the Irondequoit office of the Department of Motor Vehicles. The actual crime was performed by Ernest White and Reginald Hawkins, using White's car for transportation. During the robbery White and his car were identified by witnesses and a warrant for his arrest was subsequently issued. The conspirators feared that White would talk if he was arrested and they summoned him to the garage of the construction company where they worked. Telling him that they intended to make it look as if he had been kidnapped and thus allay suspicion of him, petitioner and Monachino tied up White with his permission, placed him in the trunk of a car belonging to petitioner's wife, and petitioner then fired three bullets into White's head. The body was dumped into a manhole where it was discovered some months later.

The principal witness at petitioner's murder trial was Charles Monachino. After receiving immunity, he testified in detail concerning the robbery of the motor vehicle office and the murder of White. Throughout the investigation, in his testimony before the Grand Jury and at trial, Monachino contended that although he knew after the robbery that White would be killed sometime, he did not know that the murder was planned on the night it occurred. Based upon Monachino's testimony, the trial jury was charged that if Monachino was an accomplice in the White murder, his testimony must be corroborated. After petitioner's conviction became final, Monachino recanted and swore that his testimony at the trial was false. He claimed that in truth he had participated in a meeting held prior to the killing at which White's murder was planned. This additional fact was highly significant for if Monachino had helped to plan the killing and participated in it, as he now contends, he was an accomplice as a matter of law and defendant was entitled to an appropriate charge that Monachino's testimony was not sufficient to convict unless it was corroborated (CPL 60.22, subd 1).

The testimony of one other witness at petitioner's murder

trial, that of Thomas Wheeler,* is also important to disposition of this proceeding. Wheeler was being held in the Monroe County Jail on a rape charge at the same time that petitioner and Reginald Hawkins (White's partner in the robbery of the motor vehicle office) were there. Wheeler testified at petitioner's murder trial that petitioner and another planned to kill Hawkins in jail and that petitioner asked him to act as a lookout while they did it. Subsequent to petitioner's conviction, Wheeler also recanted and swore that officers of the Monroe County Sheriff's Department suborned his trial testimony by physical abuse and by promising to help him obtain a favorable sentence on this rape charge.

After petitioner's conviction became final, he instituted a proceeding pursuant to CPL 440.10 seeking to vacate his conviction because of misconduct by the police and prosecution and because of newly discovered evidence. An extended hearing was held before Judge CELLI in County Court, after which the Judge ordered the judgment of conviction vacated because of newly discovered evidence, i.e., Monachino's recantation (CPL 440.10, subd 1, par [g]; and see *People v Shilitano,* 218 NY 161, 170). The court found further that Monachino's present version of the killing was true and that he was, therefore, an accomplice in the White murder as a matter of law. The court made no finding on petitioner's allegations of misconduct by the Sheriff's Deputies or members of the District Attorney's staff. A new trial was ordered and the case has been assigned to respondent Justice KENNEDY for disposition.

■ The general principles of double jeopardy are well known. The jeopardy clauses of the Federal and State Constitutions are "to protect the defendant's 'basic human right not to be harassed, or perhaps even impoverished, by successive prosecutions for the same offense'" *(Matter of Cardin v Sedita,* 53 AD2d 253, 256, *supra)* by means of multiple trials, multiple punishments and deliberate efforts by the prosecution to find a jury or court that will convict the defendant of the charge as the prosecutor desires. As the Supreme Court has stated: "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be

---

* The petition also alleges that petitioner was prevented from calling a defense witness because the Sheriff secreted the witness. That claim is not established in the record before us.

allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *(Green v United States,* 355 US 184, 187-188.)

■■ The principle of double jeopardy does not, however, always foreclose the retrial of a defendant on the same charge. A defendant's right to have his trial completed by one tribunal must "in some instances be subordinated to the public's interest in fair trials designed to end in just judgments" *(Wade v Hunter,* 336 US 684, 689). Thus, a second trial may be had because of the illness of the Judge, jurors, witnesses or necessary court personnel *(People v Kelly,* 9 NY2d 697; *People ex rel. Epting v De Voe,* 309 NY 818; *People ex rel. Brinkman v Barr,* 248 NY 126); after the jury is unable to reach a verdict *(United States v Perez,* 9 Wheat [22 US] 579); or where the trial ends at defendant's request because of trial error or because of a legal defect in the proceedings *(United States v Scott,* 437 US 82; *Lee v United States,* 432 US 23; *United States v Dinitz,* 424 US 600; *People v Key,* 45 NY2d 111). A defendant has a valued right to have a single trial, but when he affirmatively adopts a course of action by appeal, motion or mistrial, in which he requests that his case be heard by another Judge or jury, he cannot use the double jeopardy clause to erect a barrier to a second prosecution. If, on the other hand, the proceedings have terminated, rightly or wrongly, in the defendant's favor with a finding of evidentiary insufficiency on the issue of guilt or innocence, he may not again be placed in jeopardy. The critical question is whether the order terminating the first trial "contemplates an end to all prosecution of the defendant for the offense charged" *(Lee v United States, supra,* p 30). If the dismissal ends the prosecution in defendant's favor, reprosecution is not permitted. If the dismissal is the "functional equivalent" of a mistrial, jeopardy principles do not prevent reprosecution (see *United States v Scott,* 437 US 82, 90-96, *supra; People v Key, supra,* p 116).

■ Finally, and relevant to this proceeding, reprosecution may be foreclosed on double jeopardy grounds if the first trial or judgment is void because obtained in violation of the defendant's right to be accorded due process, e.g., the indictment has been dismissed because of police abuses (see *People*

*v Isaacson,* 44 NY2d 511) or prosecutorial overreaching (see *United States v Martin,* 561 F2d 135, 138-140; *United States v Kessler,* 530 F2d 1246, 1256-1258). The necessary finding in this respect is that the government has been guilty of gross negligence or intentional misconduct to the prejudice of the defendant *(United States v Kessler, supra;* and see, also, *People v Isaacson, supra,* p 521, which lists factors to be considered before an indictment will be dismissed on due process grounds).

First, petitioner urges that such a denial of due process bars his retrial for White's murder and in support of this contention, he alleges in his petition acts of misconduct by the prosecutor and the police. Many of them are speculative and are not substantiated by affidavit or by the evidence before Judge CELLI at the article 440 hearing. We are not restricted to the evidence presented at that hearing, of course, but all the matters requiring our attention in this proceeding were considered there and we assume petitioner has had the opportunity to develop the facts as well as he is able. We need therefore discuss only the two previously mentioned matters which relate directly to the evidence produced at petitioner's murder trial.

The first allegation concerns Wheeler's trial testimony that petitioner intended to kill Hawkins. At the hearing, Wheeler claimed that this testimony was suborned by Sheriff's officers. If the testimony was false, and known to be false by representatives of the State, be they police officers or prosecutors, petitioner was denied the due process guaranteed him by the Constitution *(Napue v Illinois,* 360 US 264, 269; *Curran v State of Delaware,* 259 F2d 707, 713, cert den 358 US 948). County Court made no finding on the Wheeler testimony and petitioner did not request that it do so.

The second allegation concerns Monachino's testimony. Petitioner contends that Sheriff's officers and the Assistant District Attorney handling the prosecution knew before trial that Monachino had helped plan the murder but told him that he could not testify "that way". The County Judge found that Monachino's trial testimony was perjured, but he refused to find that the prosecution knew that the testimony was false at the time of trial. Indeed, even Monachino testified at the hearing that the prosecutors and the police were unaware that his testimony at the murder trial was perjured.

Thus, the hearing Judge made no finding of misconduct and

we do not believe that we are warranted in dismissing the indictment in this collateral proceeding and ending the prosecution on the record before us. Petitioner's allegations were uniformly denied by the People's witnesses and the determination of whether he was denied his constitutional right to due process rested entirely on resolving these issues of credibility. With the consent of the People and without protest by the petitioner, County Court ordered a new trial because of newly discovered evidence. That being so, the case is no different from any other in which perjured testimony has been received and the receipt of perjured evidence, even in cases in which the prosecution may have been aware that the testimony was false, does not necessarily rise to the level of abuse which requires dismissal of the indictment rather than retrial (see *Giglio v United States,* 405 US 150; *Napue v Illinois,* 360 US 264, *supra; People v Savvides,* 1 NY2d 554).

Petitioner's next contention is that County Court's finding that Monachino perjured himself at the murder trial must necessarily result in a finding of "evidentiary insufficiency" which precludes retrial on double jeopardy principles (see *Burks v United States,* 437 US 1; *United States v Scott,* 437 US 82, *supra).* If Monachino was an accomplice as a matter of law, as his hearing testimony indicates and as County Court found after the hearing, then his trial testimony needs to be corroborated or no future conviction may stand (CPL 60.22, subd 1). Petitioner asserts that corroboration is not to be found in the trial record and therefore the indictment must be dismissed (see *People v Korjus,* 54 AD2d 720).

The answer to that contention is found in the nature of the proceeding before Judge Celli. The 440 proceeding was not a trial of petitioner's guilt or innocence. County Court had before it a posttrial motion, equitable in nature, to vacate petitioner's judgment of conviction because it had been procured by a fraud upon the court, namely the submission of perjured testimony. At the conclusion of the hearing the court determined in the exercise of its discretion that there was new evidence warranting retrial, i.e., a version of the facts which conflicted with Monachino's trial testimony, and that this newly discovered evidence was "of such a character as to create a probability that had such evidence been received at trial the verdict would have been more favorable to the defendant" (CPL 440.10, subd 1, par [g]). Judge Celli was not required to decide whether Monachino's first account of the

murder or his second was the truthful version. The credibility of a witness and whether his trial testimony is to be believed was not a matter for the hearing court but is for the jury on retrial (see *People v Rensing,* 14 NY2d 210).

Nevertheless, the court did make an express finding that "the testimony of the witness, Mr. Monachino, given in court today is truthful. I base that not only upon his actual statements on the record under oath but also the comments and statements made by Mr. Relin and the District Attorney and after having been advised by the Federal authorities that this witness has successfully completed the polygraph test." This statement by the court clearly was not a judicial finding, predicated as it partly was upon opinion evidence of the District Attorney and hearsay reports of Federal polygraph results. It may not be used now in conjunction with the trial testimony as a finding of fact which forecloses defendant's retrial because of "evidentiary insufficiency" (cf. *Burks v United States,* 437 US 1, *supra).* The "finding" notwithstanding, the court's ruling on the motion to vacate was the "functional equivalent" of a declaration of mistrial made upon motion of the defendant and it does not bar reprosecution (see *Lee v United States,* 432 US 23, 29-31, *supra; People v Key,* 45 NY2d 111, 119, *supra).*

Finally, petitioner attacks the validity of the superseding indictment. Three weeks after Judge CELLI vacated the judgment of conviction and ordered the case restored to the trial calendar, the District Attorney filed Indictment No. 531/1978 superseding the original Indictment, No. 32/1975. It is petitioner's contention that Indictment No. 531/1978 is a nullity. He maintains that the District Attorney may obtain a superseding indictment only "before entry of a plea of guilty to an indictment or commencement of a trial thereof" (CPL 200.80). He also maintains that the exceptions permitting further prosecution after completion of one trial are contained in the statute (CPL 40.30) and must be adhered to; that when Judge CELLI vacated the judgment and ordered the case restored to the trial calendar, he directed "a new trial of the same accusatory instrument" and that the exemption from double jeopardy applied only to "further prosecution of such offense under the same accusatory instrument" (CPL 40.30, subd 3).

CPL 200.80 varies somewhat the language of section 292-a of the former Code of Criminal Procedure but it was intended substantially to restate the code provisions (Denzer,

Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 200.80, p 288). That being so, decisions interpreting section 292-a of the code are helpful. The code required a court order before resubmission only if the indictment had been dismissed upon demurrer or upon the Grand Jury's refusal to indict. In the absence of those circumstances, the District Attorney was free to obtain a superseding indictment at any time without a court order (see *People v Rodriguez,* 11 NY2d 279, 286; *People v Leyra,* 1 NY2d 199, 202; *People v Rosenthal,* 197 NY 394, 401). The opening sentence of section 200.80, "If at any time before entry of a plea * * * or commencement of a trial," is not found in section 292-a of the code, but that provision relates to the period after a plea of guilty and before sentence or during trial on the indictment. It does not change the meaning of section 200.80. The situation in this case is analogous to the rendition of a superseding indictment after the declaration of a mistrial and, under the code, the District Attorney was not foreclosed from obtaining a superseding indictment after trial had commenced but had been aborted by mistrial *(Ferris v People,* 48 Barb 18, 24, affd 35 NY2d 125; *People ex rel. Eastman v La Vallee,* 12 AD2d 550, mot for lv to app den 9 NY2d 609, cert den 366 US 966; *People ex rel. Bullock v Hayes,* 166 App Div 507, affd 215 NY 172; *People v McCormack,* 68 Misc 430). Inasmuch as the new statute was intended to restate the former requirements, it should be construed similarly.

■ Subdivision 3 of CPL 40.30, however, is a different matter. Under the Code of Criminal Procedure, it was established that upon reversal of a conviction for legal error, defendant was deemed to be in precisely the same position as though there had been no trial. The People were free to retry him on the same indictment or on a superseding indictment, even a superseding indictment containing different counts (see *People v Ercole,* 4 NY2d 617, 620; *People v Cocco,* 3 NY2d 716). The language of the Criminal Procedure Law differs. It provides that retrial shall be upon the same accusatory instrument (CPL 40.30, subd 3) or the court may nullify the accusatory instrument and permit reprosecution upon a new one charging the same offense or an offense based upon the same conduct (CPL 40.30, subd 4). The relief granted depends upon the grounds for vacatur. In a case such as this in which the vacatur is based upon newly discovered evidence, not the validity of the indictment there is no reason to set aside the original indictment or to order resubmission. Accordingly,

Judge CELLI properly nullified the proceeding and directed a new trial on the same accusatory instrument, as the language of the statute expressly required (CPL 40.30, subds 3, 4; and see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 40.30, p 123; see, also, Staff Comment, State of New York Temporary Commission on the Revision of the Penal Law and Criminal Code, § 20.30, First Draft [1967]). We only add that we know of no reason why petitioner could not move for dismissal of the original indictment on grounds of insufficiency (see *People v Caminito,* 3 NY2d 596), and if dismissal should be ordered, the court has the authority to permit resubmission of the charges to another Grand Jury (CPL 210.20, subd 4).

The District Attorney's action in seeking a superseding indictment here was apparently motivated by his belief that Monachino was an accomplice as a matter of law and therefore that Indictment No. 32/1975 was subject to dismissal based upon insufficient evidence before the Grand Jury (see *People v Mullens,* 298 NY 606; *People v Nitzberg,* 289 NY 523, 526). We would point out that, the statements of the County Judge and the belief of the District Attorney on the subject notwithstanding, it is not yet established whether Monachino testified falsely at the murder trial or at the 440 hearing, and on this state of the record the evidence before the first Grand Jury when it rendered Indictment No. 32/1975 was not necessarily insufficient. Presumably, the evidence presented at that time did not establish that Monachino was an accomplice as a matter of law nor was corroboration required of his testimony. We do not have the transcript of the Grand Jury proceedings before us, of course, nor do we have a question on the sufficiency of Indictment No. 32/1975 before us, but the parties should not assume too quickly that the indictment is infirm (see *People v Randall,* 9 NY2d 413, 424-425; *People v Caminito, supra,* pp 599-600; cf. *Matter of Forte v Supreme Ct. of State of N. Y.,* 62 AD2d 704, *supra*).

The petition should be granted to the extent that it seeks dismissal of Indictment No. 531/1978, Indictment No. 32/1975 should be reinstated, and the petition otherwise denied.

SCHNEPP, CALLAHAN, DOERR and WITMER, JJ., concur.

Petition unanimously granted in accordance with opinion by SIMONS, J. P.