■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA DODSON, Appellant. — Appeal by defendant (by permission) from an order of the Supreme Court, Kings County, dated February 1, 1980, which denied, without a hearing, her motion pursuant to CPL 440.10 (subd 1, par [h]) to vacate a prior judgment of the same court. Order reversed, on the law, and matter remitted to Criminal Term for a hearing. Defendant contends that she was deprived of the effective assistance of counsel when her lawyer failed to inform her of her right to seek to interpose a statutory claim of former jeopardy under CPL 40.20 and 40.30. Defendant pleaded guilty to certain State charges and thereby waived her statutory right to claim that she had previously been prosecuted for the same offense in the Federal courts *(People v Dodson*, 65 AD2d 962, mod 48 NY2d 36). We conclude, and on appeal the People concede, that a hearing

should have been held on defendant's motion to vacate the judgment of conviction. At the hearing upon remand, it should be determined, *inter alia,* why the statutory defense of former jeopardy was not asserted, whether defendant was ever informed of the existence of that defense and knowingly waived it as part of her plea bargain, and whether, if it had been presented, the defense would have proved meritorious or whether the second prosecution would have come within one of the exceptions enumerated in the statute (CPL 40.20, subd 2). Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.