■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FREDERICO GONZALEZ, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, dated October 3, 1980, which granted defendant's motion to dismiss the indictment based upon a finding of statutory double jeopardy (CPL art 40). Order reversed, on the law, motion denied and indictment reinstated. The matter is remitted to Criminal Term for further proceedings on the indictment. Defendant was indicted in Kings County for

drug related crimes and was thereafter tried and convicted. He was sentenced on July 21, 1976. Defendant appealed from the judgment of conviction. At approximately this point in time, defendant was indicted by a Federal Grand Jury on drug related crimes, which encompassed the crimes with which defendant was charged in Kings County. Defendant was tried, convicted and sentenced on the Federal charges. Upon appeal, the Federal conviction was reversed and a new trial was ordered. Thereafter, on March 28, 1980, the Federal indictment was dismissed upon the Government's application. Upon appeal, the State judgment of conviction was first affirmed by this court *(People v Gonzalez,* 61 AD2d 890) and was later modified, upon reargument, so as to reduce the minimum period of defendant's sentence (64 AD2d 618). Upon further appeal, the Court of Appeals found that the defendant was not adequately represented before this court and, accordingly, reversed our order and remanded the matter to us for further consideration (47 NY2d 606). Upon this resubmission, we reversed defendant's judgment of conviction and ordered a new trial (74 AD2d 928). When the matter was presented for retrial, defendant moved to dismiss the indictment, contending that the intervening Federal prosecution constituted a bar to retrial by reason of statutory rather than constitutional double jeopardy (CPL art 40). Criminal Term accepted this argument, granted the motion and dismissed the indictment. The People appeal from that determination and seek reinstatement of the indictment. Though a literal reading of the applicable statutes (CPL 40.20, subd 1; 40.30, subds 1, 3) would support Criminal Term's decision, we believe that a liberal, commonsense interpretation is needed in this unique situation in order that the apparent intent of the framers of such statutes may be given effect. It has consistently been held that when an accused avails himself of a course of legal redress with regard to a particular criminal prosecution, such as a motion or an appeal, which results in reindictment or retrial, such individual may not raise double jeopardy as a defense to his further prosecution *(People v Key,* 45 NY2d 111; *Matter of De Canzio v Kennedy,* 67 AD2d 111, 116). This concept was codified by the Legislature in CPL 40.30 (subd 3), which provides that a claim of double jeopardy will not bar retrial on an accusatory instrument following reversal of a judgment of conviction obtained under that instrument. Though we recognize that if the Federal prosecution had preceded the Kings County prosecution, the latter would have been precluded by the New York statute (see CPL 40.20, subd 1; 40.30, subd 1; *People v Abbamonte,* 43 NY2d 74; see, also, *Matter of Wiley v Altman,* 52 NY2d 410), this is not the case at bar. While CPL 40.30 (subd 3) does not, by its wording, embrace this specific situation, we must give effect to its intent and the similar intent found in relevant case law (see, e.g., *People v Key, supra; Matter of De Canzio v Kennedy, supra).* Accordingly, this prosecution was not barred and the order is reversed. Damiani, J. P., Gibbons, Gulotta and Thompson, JJ., concur.