OPINION OF THE COURT
Ernst H. Rosenberger, J.
An indictment, filed on April 29, 1976, charged the defendant and a codefendant with criminal sale of a controlled substance in the first degree. During the first trial, in October, 1976, when the codefendant’s testimony implicated the defendant, the defendant moved to sever. The motion was granted, a mistrial declared as to this defendant, and a new trial ordered. The second trial, in March of 1977, was declared a mistrial when the jury was unable to reach a verdict.
A superseding indictment, filed on May 6, 1977, reiterated the controlled substance count and added a new count of conspiracy in the first degree. The Assistant District Attorney, in an affirmation filed in response to a motion addressed to that indictment, conceded “that the new indictment — which includes a conspiracy count — was sought in order to increase the scope of available trial evidence.” The defendant’s attorney instituted a CPLR article 78 proceeding on June 9, 1977, seeking a writ of prohibition. Three claims were asserted: that the prosecution was vindictive; that CPL 200.80 relating to supersed *515 ing indictments was violated; and that the defendant had been denied due process of law. The application was denied without opinion and the petition dismissed. (Matter of Lane v Office of Special Narcotics Prosecutor, 58 AD2d 743.)
A third trial was held before this court in September, 1977. The defendant was convicted of both charges and sentenced. She is now serving a sentence of 15 years to life.
On appeal, the defendant, now represented by other counsel, raised for the first time a statutory double jeopardy claim, asserting that the later indictment was barred by CPL 40.30 (subd 3). However, the People’s argument, based upon CPL 470.05 and People v Dodson (48 NY2d 36)* (issue not raised at trial is not preserved for appellate review), prévailed and the conviction was affirmed without opinion. (People v Lane, 81 AD2d 756.) Seeking further proceedings, the defendant again asserted CPL 40.30 (subd 3) in an application to the Court of Appeals. The District Attorney again argued that the issue had not been preserved. Leave to appeal was denied. (People v Lane, 54 NY2d 686.)
She now moves, pursuant to CPL 440.10, to vacate the judgment of conviction on the ground that she was deprived of the effective assistance of counsel. She avers that she was never advised of the statutory double jeopardy *516 provisions of law and that she was unaware of them. Her prior attorney concedes in an affidavit that he did not advise the defendant of the law in that area and did not interpose a statutory double jeopardy defense to the superseding indictment.
Claims of ineffective assistance of counsel often are best addressed in a postconviction proceeding brought under 6 CPL 440.10. (People v Brown, 45 NY2d 852, 854.) The operative facts on this application are not in dispute. The defendant was never made aware of her rights under CPL 40.30. Not knowing them, she cannot be held to have waived them. A waiver is an “intentional relinquishment or abandonment of a known right or privilege.” (Johnson v Zerbst, 304 US 458, 464.) A hearing is not required.
CPL 40.30 (subd 3) provides: “Despite the occurrence of proceedings specified in subdivision one [which includes commencement of a trial], if such proceedings are subsequently nullified by a court order which restores the action to its pre-pleading status or which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument.” (Emphasis supplied.)
Subdivision (4) of that section provides that a court may authorize “the people to obtain a new accusatory instrument charging the same offense or an offense based upon the same conduct” and states that the earlier “nullified proceedings do not bar further prosecution of such offense under any new accusatory instrument obtained pursuant to such court order or authorization.” (Emphasis supplied.) In the instant case there was no court order authorizing the representation to the Grand Jury of the new indictment.
Under the Code of Criminal Procedure, a defendant, after a nullified proceeding, was deemed to be in precisely the same position as if there had been no trial. The People were free to retry him on the same indictment, or on a superseding indictment, even a superseding indictment containing different counts. (People v Ercole, 4 NY2d 617, 620; People v Cocco, 3 NY2d 716.) The language of the Criminal Procedure Law is different. It provides that retrial shall be upon the same accusatory instrument (CPL *517 40.30, subd 3) or the court may nullify the accusatory instrument and permit reprosecution upon a new one charging the same offense or an offense based upon the same conduct (CPL 40.30, subd 4). (De Canzio v Kennedy, 67 AD2d 111, 120.) As noted above, there was no court permission for the new accusatory instrument. Thus, the new indictment was barred under CPL 40.30. A motion, based on that statute, to dismiss the indictment, prior to trial, would have been granted.
The right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Arndt; NY Const, art I, § 6). There is no single precise standard of what constitutes effective assistance. Each case must be determined by an examination of its circumstances. (People v Baldi, 54 NY2d 137; People v Droz, 39 NY2d 457.)
The traditional standard of effectiveness had been whether the attorney’s shortcomings were such as to render the “trial a farce and a mockery of justice”. (People v Brown, 7 NY2d 359, 361, cert den 365 US 821; People v Bennett, 29 NY2d 462, 467; People v Tomaselli, 7 NY2d 350, 354.) A stricter standard has since developed. (People v Droz, supra; People v Aiken, 45 NY2d 394; People v Baldi, supra; United States v Fessel, 531 F2d 1275; United States v Elksnis, 528 F2d 236; United States v Toney, 527 F2d 716, cert den sub nom. Pruitt v United States, 429 US 838; United States v De Coster, 487 F2d 1197.) The evolving standard appears to be one of “reasonable competence” or whether counsel “was adequate or effective in any meaningful sense of the words.”
In People v Baldi (supra, pp 146-147), Chief Judge Cooke, writing for a unanimous court, said: “Our most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. It is always easy with the advantage of hindsight to point out where trial counsel went awry in strategy. But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the *518 representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met (see People v Jackson, 52 NY2d 1027; People v Aiken, 45 NY2d 394, supra; cf. People v Bell, 48 NY2d 933; People v Droz, 39 NY2d 457, supra).'”
The “meaningful representation” standard set forth by Chief Judge Cooke (supra) must be read in its full context. It refers to the vast majority of claims of ineffectiveness, those challenging unsuccessful trial tactics or trial strategies. Among the many cases dealing with such situations are the following: People v Jackson (52 NY2d 1027, supra, affg 74 AD2d 585), in which counsel was found not to be ineffective where trial tactics and strategy included risking use of a photo array and a decision not to use an alibi witness who was vulnerable to impeachment; People v De Mauro (48 NY2d 892, 894), wherein counsel was found not to be ineffective where no motion to suppress was made and where there was an untimely motion for a mistrial based upon inadvertent disclosure of defendant’s incarceration, since both were “matters of trial tactics and errors of judgment at most”; People v Ford (46 NY2d 1021), in which counsel was found not to be ineffective where it was not demonstrated that alibi witnesses would have testified and that counsel’s decision not to call them was clearly prejudicial; People v Aiken (45 NY2d 394, supra), in which counsel was found not to be ineffective where, based upon defendant’s absence from the trial, counsel made no opening or closing statement, called no witnesses, cross-examined no witnesses, objected to no evidence and introduced no evidence; People v Brown (7 NY2d 359, cert den 365 US 821, supra), in which counsel was found not to be ineffective where, at trial, he advised against utilizing a statement by an eyewitness favorable to the defendant as a trial tactic; People v Wise (64 AD2d 272), in which counsel was found not ineffective where, at trial, he conducted a tirade against the court, in the presence of the jury, as a tactic to force a mistrial.
The trial tactics or strategies of the defendant’s prior counsel are not here being questioned. Nor is there any question of counsel’s possibly incorrect evaluation of a fact pattern involved in a suppression issue (McMann v Rich *519 ardson, 397 US 759). What is presented is a situation in which the attorney was entirely unaware of, or completely overlooked, the controlling procedural statute (GPL 40.30, subd 3) and had failed to advise the defendant of it. There is no conceivable strategic or tactical reason for failing to make the motion to dismiss the improper indictment or for even failing to advise the defendant of the statute’s availability. The failure was not due to a negotiation to forego a motion in exchange for a favorable plea offer. There was no guilty plea. The case was tried. Had the proper motion been made, the indictment would have been dismissed. “[I]t is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense”. (People v Droz, 39 NY2d 457, 462, supra; emphasis added.)
The United States Court of Appeals for the District of Columbia Circuit has noted that there would be ineffective assistance of counsel where counsel’s failure has “blotted out *** a substantial defense.” (Bruce v United States, 379 F2d 113, 117.) In Commonwealth v Saferian (366 Mass 89, 96), it was observed that acts by counsel would be ineffective if they had “likely deprived the defendant of an otherwise available, substantial ground of defence.” In United States v Decoster (624 F2d 196, 206) the court, en banc, noted that the holding in Saferian was “an appropriate modification of Bruce.”
The failure to be aware of and advise the defendant of her right to be free from statutory double jeopardy and to act to protect that right was a major failing by counsel. Effective assistance by counsel consists of far more than strident cross-examination of witnesses and the making of caustic summations. It requires careful study of the applicable law and advice to the defendant based upon it. That careful legal preparation and concomitant advice were not provided in this case. The defendant was thereby denied the effective assistance of counsel.
The motion is granted. The judgment of conviction is vacated and the indictment dismissed.

 Significantly; the defendant in People v Dodson later moved for relief under CPL 440.10. The motion was denied without a hearing. The Appellate Division, Second Department, reversed, ordering a hearing. The memorandum stated: “At the hearing upon remand, it should be determined, inter alia, why the statutory defense of former jeopardy was not asserted, whether defendant was ever informed of the existence of that defense and knowingly waived it as part of her plea bargain, and whether, if it had been presented, the defense would have proved meritorious or whether the second prosecution would have come within one of the exceptions enumerated in the statute (CPL 40.20, subd 2).” (People v Dodson, 79 AD2d 976, 977.) After the hearing on remand, the Supreme Court, Kings County, found as fact that Ms. Dodson’s counsel had informed her of the existence of the double jeopardy defense, that it was voluntarily waived as part of a plea bargain, and that it would not have proved meritorious. The question of the possible defense grew from the fact that there had been a plea of guilty by Ms. Dodson under an information in the United States District Court for the Eastern District of New York, charging that she fraudulently demanded a sum of money by virtue of a false instrument. The plea was accepted in satisfaction of a multicount indictment. She later pleaded guilty in the Supreme Court, Kings County, to attempted grand larceny in the second degree, in satisfaction of a New York State indictment growing from the same conduct. The Supreme Court, after the hearing, found that CPL 40.30 was unavailing since the State offenses contained elements differing from the Federal charges and that the statutes defining the State and Federal offenses were designed to prevent very different kinds of harm and evil. (CPL 40.20, subd 2.) An appeal from that decision is now pending in the Appellate Division, Second Department.