■ * In the Matter of ALBERT J. DE CANZIO, JR., Petitioner, v ROBERT P. KENNEDY, as Justice of the Supreme Court, et al., Respondents. — Petition unanimously denied, without costs. Memorandum: Petitioner was convicted of the murder of Ernest White and his conviction was affirmed on appeal (*People v De Canzio,* 53 AD2d 1065, application for lv to app den 40 NY2d 849). Subsequently, the judgment was vacated on the basis of newly discovered evidence (CPL 440.10, subd 1, par [g]). The evidence which led to the vacatur was the recantation of the testimony of the prosecution's witness, Charles Monachino. At the proceeding pursuant to CPL 440.10, Monachino testified that he had participated in planning the White murder. Therefore, the court found that he was an accomplice as a matter of law, and his testimony would require corroboration. Petitioner subsequently commenced a CPLR article 78 proceeding seeking to prohibit his retrial on the grounds of double jeopardy and due process. This court previously denied the petition to the extent that it sought to prohibit retrial (*Matter of De Canzio v Kennedy,* 67 AD2d 111; mot for lv to app den 47 NY2d 709). In the article 78 proceeding presently before us, petitioner again seeks to prohibit his retrial on the grounds of double jeopardy and due process and asserts that the testimony taken at the Grand Jury

proceedings and subsequent trial of certain government parties involved in his prior conviction conclusively proves his claims of misconduct and overreaching by the government. Petitioner claims that his retrial is barred by the double jeopardy and due process clauses of the United States and New York State Constitutions. Petitioner analogizes his situation to those in which a mistrial is declared due to extreme prosecutorial overreaching designed to provoke a mistrial request (see *United States v Dinitz,* 424 US 600; *Matter of Potenza v Kane,* 79 AD2d 467). This line of cases is clearly inapplicable to petitioner's situation. First, prosecutorial misconduct was not the basis upon which petitioner's conviction was vacated; the conviction was vacated on the basis of newly discovered evidence. Additionally, petitioner was not forced to request a mistrial due to the overreaching of the prosecution designed to provoke such a request. Therefore, he was not denied the right to have his trial completed by a particular tribunal (see *United States v Dinitz, supra; Matter of Potenza v Kane, supra*). Since petitioner was convicted by the first tribunal, the law under which he seeks to prohibit retrial is inapplicable (see *United States v Barham,* 608 F2d 602; 625 F2d 1221, cert den 450 US 1002; *Gully v Kunzman,* 592 F2d 283, cert den 442 US 924). Petitioner's due process claim is likewise without merit. The record before the court, consisting of excerpts of the Federal proceedings, is incomplete and contradictory. It fails to establish petitioner's claim of prosecutorial overreaching. Furthermore, the misconduct claimed (see *Matter of De Canzio v Kennedy,* 67 AD2d 111, *supra*) does not rise to the level of that in *People v Isaacson* (44 NY2d 511), wherein the government played a major role in creating or manufacturing the crime. The acts of misconduct, if proven, would entitle petitioner to a new trial, rather than dismissal of the indictment (see *Matter of De Canzio v Kennedy,* 67 AD2d 111, *supra,* at p 118). (Article 78.) Present — Dillon, P. J., Simons, Doerr, Moule, and Schnepp, JJ.