THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNICE LANE, Respondent.

First Department, April 12, 1983

**APPEARANCES OF COUNSEL**

*Donald J. Siewert* of counsel (*Jeffrey D. Livingston* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*David Steinberg* of counsel (*Steiman & Steinberg,* attorneys), for respondent.

**OPINION OF THE COURT**

Kassal, J.

Defendant and a codefendant, John Henry Simmons, were originally indicted on April 29, 1976, charged with criminal sale of a controlled substance in the first degree and related possession counts arising out of a sale of heroin to undercover narcotics officers on March 4, 1976.

At trial, when the codefendant testified and implicated the appellant, a severance was directed and a new trial ordered as to appellant. A second trial, held in March, 1977, resulted in the declaration of a mistrial when the jury was unable to reach a verdict. The trial court had excluded testimony of a subsequent meeting between the undercover officers, defendant and Simmons, held April 5, 1976, to discuss future purchases of both cocaine and heroin. Following the mistrial, the People resubmitted the case to the Grand Jury and, on May 6, 1977, a superseding indictment was filed, charging appellant with conspiracy in the first degree, in addition to the sale and the possession counts contained in the original indictment.

The People did not seek judicial authorization as to the superseding indictment prior to resubmission of the case to the Grand Jury. As overt acts in connection with the conspiracy count, the indictment charged the meeting held between the undercover officers and Simmons prior to the March 4, 1976 sale, the sale from defendant and this April 5th meeting to discuss future purchases. It is conceded that the superseder was filed to permit introduction into evidence of the subsequent meeting which had been excluded on the prior (second) trial.

Thereafter, on June 9, 1977, defendant brought a CPLR article 78 proceeding in this court for relief in the nature of prohibition, contending that the superseding indictment was unauthorized under CPL 200.80. The People opposed the application arguing, essentially, that prohibition was unavailable as a remedy to attack a superseding indictment. We denied the application (*Matter of Lane v Office of Special Narcotics Prosecutor,* 58 AD2d 743).

Thereafter, counsel who had represented appellant in the article 78 proceeding moved to dismiss the superseding indictment as violative of CPL 200.80 and in conflict with defendant's due process rights. On September 16, 1977, the motion was denied and the case thereafter proceeded to a third trial, following which defendant was found guilty on both the sale and conspiracy counts. On the appeal from the judgment, appellant argued for the first time that the superseding indictment was barred by CPL 40.30 (subd 3). By order entered April 14, 1981, we affirmed the judgment

without opinion (*People v Lane,* 81 AD2d 756). Leave to appeal to the Court of Appeals was subsequently denied (54 NY2d 686).

Thereafter, appellant, by new counsel, moved to vacate the judgment pursuant to CPL 440.10, contending that she had been deprived of her right to effective assistance of counsel, based upon the failure of her former attorney to raise an objection under CPL 40.30 (subd 3) and to apprise appellant of the statutory defense. This was conceded by the former attorney. The motion was granted in a thorough and extensive opinion (112 Misc 2d 514), which analyzed the statutory defense under CPL 40.30 (subd 3) in relation to the superseding indictment. Partially in reliance upon *Matter of De Canzio v Kennedy* (67 AD2d 111) the court found the superseding indictment barred by CPL 40.30 (subd 3), concluding that had there been a motion to dismiss the superseder on that ground, the application would have been granted. From this, it was concluded that the failure to make the motion and the failure to advise appellant of the potential availability of the statutory defense served to deprive defendant of her right to effective assistance of counsel. Accordingly, the conviction was vacated, the indictment dismissed and defendant released from confinement.

We do not concur in the trial court's assessment of the case in finding that appellant was deprived of effective assistance of counsel, the only issue raised on the motion and on this appeal. The right to effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Amdt; NY Const, art I, § 6). Over the years, there have evolved two standards to assess the effectiveness of counsel in a criminal case. The traditional standard required an evaluation of the conduct of counsel to determine whether the trial was rendered "a farce and a mockery of justice" (*People v Brown,* 7 NY2d 359, 361, cert den 365 US 821; *People v Bennett,* 29 NY2d 462, 467; *People v Tomaselli,* 7 NY2d 350, 354). More recently, a stricter standard has been developed in the Federal courts under which the critical inquiry is whether the attorney exhibited "reasonable competence" (*People v Droz,* 39 NY2d 457; *United States v Fessel,* 531 F2d 1275; *United*

*States v Elksnis,* 528 F2d 236; *United States v Toney,* 527 F2d 716, cert den *sub nom. Pruitt v United States,* 429 US 838; *United States v DeCoster,* 487 F2d 1197).

In *People v Aiken* (45 NY2d 394) defendant had absented himself from the trial and, thereafter, sought to raise on appeal that he had been deprived of effective assistance of counsel. The court, without adopting one standard in preference to the other, observed with respect to the flexibility of the standard to be applied: "An act or omission on the part of counsel, which in one case might constitute error, need not constitute error in all cases. The right to counsel was not intended to afford a defendant, aided by the wisdom of hindsight, to second guess matters of trial strategy employed by counsel. Significantly, although a defendant may not, by absence alone, waive his right to effective legal representation, his absence must, of necessity, be taken into consideration on the issue of counsel's effectiveness." (45 NY2d, at p 399.)

Similarly, in *People v Baldi* (54 NY2d 137) the court, opting in favor of the more flexible approach and holding that effective assistance of counsel was not to be determined "with yardstick precision, but varies according to the unique circumstances of each representation," observed: "Our most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. It is always easy with the advantage of hindsight to point out where trial counsel went awry in strategy. But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and *as of the time of the representation,* reveal that the attorney provided meaningful representation, the constitutional requirement will have been met." (54 NY2d, at pp 146-147; emphasis added.)

Application of this standard precludes a finding of ineffective assistance where there was, at most, a mistaken judgment as to trial strategy or tactics and errors of judgment (see *People v De Mauro,* 48 NY2d 892, where [1] no motion to suppress was made, [2] there was an untimely

motion for a mistrial, apparently as a result of counsel's impression at the time that the statements were useful to the defense as exculpatory accounts and where the delay in moving was designed to await further developments in the testimony of witnesses; *People v Ford,* 46 NY2d 1021, where defendant's attorney had withdrawn an alibi defense, the court concluding that it had not been demonstrated that potential alibi witnesses would actually testify at trial that defendant was not in the vicinity of the robbery during its commission; *People v Jackson,* 52 NY2d 1027, where defense counsel's election not to use an alibi witness, whose testimony could be impeached since the witness had previously implicated defendant, was held, at best, a mistaken judgment on trial strategy; *People v Wise,* 64 AD2d 272, where defense counsel's abusive conduct before the jury was viewed as a trial tactic to force a mistrial).

These dispositions are in marked contrast to *People v Bell* (48 NY2d 933) where retained counsel (1) did not request any pretrial hearings, (2) conducted no *voir dire* and made no opening statement, (3) cross-examined prosecution witnesses in such a way as to elicit incriminating hearsay evidence against his client, and (4) joined in codefendant's motion at the end of the prosecution case to dismiss the charges as against the codefendant, which motion was premised on the claim that only defendant was involved in the commission of the crime and, thereafter, in an inconsistent manner, sought to establish as a defense that defendant was acting as agent for the codefendant. Rejecting the claim that the errors constituted a misguided trial strategy, the court found (p 935) that there was "clear ineffectiveness of counsel". (See, also, *People v Droz,* 39 NY2d 457, *supra,* wherein defense counsel [1] failed or neglected to interview crucial witnesses, [2] advised the jurors during *voir dire* that defendant had an extensive criminal record, [3] did not seek disclosure of the Grand Jury testimony of the primary witness for the prosecution, and [4] brought before the jury that defendant had previously pleaded guilty and then had withdrawn the plea.)

Applying these principles here, we fail to perceive the ineffectiveness of counsel solely by reason of the failure to

move prior to the retrial to dismiss the superseding indictment under CPL 40.30. In reaching a conclusion to the contrary, the court placed principal reliance upon the determination of the Appellate Division, Fourth Department, in *Matter of De Canzio v Kennedy* (67 AD2d 111, *supra*). There, however, the superseding indictment was filed after vacatur of the conviction on the ground of newly discovered evidence, not on any finding in terms of the validity of the original indictment. The Fourth Department held that, following a nullification of the conviction, the statutory provision permits retrial on "the same accusatory instrument" (CPL 40.30, subd 3). There was no authorization to obtain a new accusatory instrument "charging the same offense or an offense based upon the same conduct" (CPL 40.30, subd 4), as indeed there could not be under the *De Canzio* rule, without a finding that there was a legal defect in the first indictment. On this basis, the court here held that since no permission had been sought to obtain the superseding indictment, the reprosecution was barred with the result that a motion made prior to trial to dismiss the superseder would have been granted.

Such disposition of the issue on that basis alone is inappropriate since it overlooked the fact that the decision in *De Canzio* (*supra*) concededly the first appellate determination on the issue, was rendered almost one and a half years after this case had proceeded to a third trial. Obviously, the correctness of the ruling by the Fourth Department in *De Canzio* is not now before us on this appeal. All that we now hold is that, under the facts of this case, the failure of trial counsel to seek vacatur of the superseder does not rise to the level of ineffective assistance under either the traditional standard or the more modern, stricter standard of "reasonable competence".

As the Court of Appeals noted in *People v Baldi* (*supra*) in determining whether the operative facts reflected ineffective assistance, the critical inquiry focuses "as of the time of the representation" (54 NY2d, at p 147). Viewed in that context, and the fact that no other significant omission or error has been cited, we may not conclude as a

matter of law that appellant was not afforded the full and adequate defense to which he was entitled.

The record reflects an energetic and aggressive legal defense on her behalf, at trial, with respect to the motions addressed to the sufficiency of the superseding indictment and on the appeal. After the denial of the writ of prohibition, counsel moved to dismiss the superseder as contrary to CPL 200.80 and to the due process rights of the defendant. Following her conviction, new counsel representing defendant on the appeal sought for the first time to argue that the superseder was barred under CPL 40.30 (subd 3). To the extent that the issue as to the applicability of CPL 40.30 (subds 3, 4) was raised on the prior appeal, there was posed for our disposition whether, in the interest of justice, a new trial was warranted, albeit the issue had not been raised at the trial level.

The only error which is now asserted as a ground to vacate the judgment and the superseding indictment is the failure of trial counsel to include the double jeopardy objection as an additional ground to support the motion. Under the circumstances and with full awareness of the state of the law at the time when that motion was made, we are in agreement that, at best, the omission amounted to lapse of judgment and does not rise to the level of ineffective assistance of counsel. Were we to conclude otherwise, would not appellate counsel who had prosecuted the appeal from the judgment, have been similarly ineffective in not moving at that time to stay the appeal pending a motion to be made under CPL 440.10 to vacate the judgment on that ground?

To so determine would establish a standard of perfect assistance of counsel in place of the requirement for adequate or effective assistance of counsel to which a defendant is entitled. Such a criteria would unnecessarily and improperly require of attorneys a greater degree of competence than the law demands. The Court of Appeals held in *People v Droz* (*supra*) that the right to effective representation includes "the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense (*People v Bennett* [29 NY2d 462] *supra*) and who is familiar with, and able to

employ at trial basic principles of criminal law and proce-
dure (*People v LaBree,* 34 NY2d 257; cf. *People v Jones,* 25
NY2d 637)" (39 NY2d, at p 462). The principle, however,
does not require that counsel be held accountable to a
standard of clairvoyance, to anticipate disposition as to
novel issues well in advance of consideration by any appel-
late court in the State. Neither may the appropriateness of
counsel be tested through hindsight by finding, under
today's standards, that a motion made in 1977 should have
included as an additional ground for relief a legal principle
which had not been announced or considered by an appel-
late court until some years later, in 1979. Such an exacting
standard seeks perfection and far surpasses the effective
assistance of counsel standard to which a defendant is
entitled.

Accordingly, the order, Supreme Court, New York
County (ROSENBERGER, J.), entered February 5, 1982, (1)
vacating the judgment (same court, same Justice), ren-
dered November 7, 1977, which had convicted defendant of
criminal sale of a controlled substance in the first degree
(Penal Law, § 220.43) and conspiracy in the first degree
(Penal Law, § 105.17) and sentenced defendant to concur-
rent terms of 15 years to life and 0 to 7 years, respectively,
and (2) dismissing the indictment, should be reversed, on
the law, the indictment and the judgment reinstated and
defendant directed to surrender.

SANDLER, J. (concurring). In addition to that stated in
the court's opinion, with which I agree, I would make the
following observations.

The trial court's thoughtful and careful opinion (112
Misc 2d 514) setting forth the reasons for vacating the
conviction rests ultimately on several unstated assump-
tions. The first assumption is that a competent defense
lawyer would necessarily have been sensitive to the possi-
bility that the Criminal Procedure Law had changed the
long-standing rule permitting superseding indictments to
be filed after a mistrial or the reversal of a conviction, and
would accordingly have studied the Criminal Procedure
Law in an effort to confirm that possibility. Undeniably it
would have been good professional work to have considered
such a possibility, but I cannot agree that a failure to have

done so would so clearly fall below the level of reasonable competence as to justify a conclusion that the defendant was deprived of the effective assistance of counsel.

The second assumption is that if defense counsel had read CPL 40.30 (subds 3, 4) he would have understood that these sections effected a change in the law, a change that precluded the filing of a superseding indictment under the circumstances presented. This assumption seems to me clearly erroneous. Considered without regard to Justice DENZER's Practice Commentary (McKinney's Cons Laws of NY, Book 11A [1971 ed], CPL 40.30, p 123), the language of CPL 40.30 (subd 3) would seem to me reasonably interpreted as consistent with the prior law.

It is of course true that if the defense counsel had read the dispositive sections in the volume of McKinney's in which the Practice Commentary appears, which interpreted the subdivision as precluding a superseding indictment under the circumstances presented, it would have been a serious professional lapse not to have read the Practice Commentary and not to have acted upon it. Even such a failure would not seem to me to justify a determination that the defendant was deprived of the effective assistance of counsel in a case in which the record discloses that counsel otherwise acted consistently with professional zeal and ability on behalf of his client.

Nor should it be overlooked that even now CPL 40.30 (subds 3, 4) present serious problems of interpretation. This is perhaps best illustrated by the fact that in an able and conscientious opinion the trial court appears to have misunderstood the holding in *Matter of De Canzio v Kennedy* (67 AD2d 111, 120) the authority upon which the court placed its principal reliance. The trial court appears to have interpreted the rule set forth in *De Canzio* as one that would have sanctioned a superseding indictment under the circumstances presented if there had been court permission for a new accusatory instrument. In fact, the opinion in *De Canzio* concluded that court permission to file a new accusatory instrument may only be granted where the original indictment has been vacated because of a legal defect, a circumstance clearly not present here.

Moreover, it is by no means clear that the failure to move to dismiss the superseding indictment was necessarily as damaging as the trial court's opinion found. The superseding indictment was secured to overcome an evidentiary ruling in a previous trial of the defendant which had denied the People the right to introduce evidence of a meeting between the undercover police officer and the defendant after the alleged sale of narcotics that was the subject of the original indictment. On the limited record available to us, that ruling appears to have been erroneous. In a case in which the ability of the police officer to identify the defendant was the central issue, the later meeting, and its accompanying conversation, would appear to have been clearly admissible, at least in part. I see no reason to assume that on a subsequent trial on the original indictment the trial court would have repeated the original error.

MURPHY, P. J., and KUPFERMAN, J., concur with KASSAL, J.; SANDLER, J., concurs in an opinion; ASCH, J., concurs in both the opinion for the court and the concurring opinion of SANDLER, J.

Order, Supreme Court, New York County, entered on February 5, 1982, unanimously reversed, on the law, the indictment and the judgment reinstated and defendant directed to surrender. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5).