■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LUDWIG, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Copertino, J.), rendered June 1, 1987, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of assault in the second degree, based on his having caused physical injury to the complainant by the use of a dangerous instrument. The witnesses for the prosecution testified that the defendant plunged a stick into the complainant's left eye after being asked to leave the complainant's premises. As a result, the complainant lost his left eye. The defendant testified that he threw the stick at the complainant during an altercation in which the complainant accosted him, and that he had no intention of causing any injury.

Both sides presented psychiatric testimony relating to whether the defendant possessed or lacked the requisite culpable intent to cause physical injury to the complainant. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's argument that the stick in question was not a dangerous instrument within the meaning of Penal Law § 10.00 (13). That section defines a dangerous instrument as any instrument, article or substance "which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." In considering whether an object is a dangerous instrument, the question is whether the object, no matter how innocuous it may appear when used for its legitimate purpose, "becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury" (People v Carter, 53 NY2d 113, 116). Applying this "use-oriented" approach, objects that may be deemed dangerous instruments under certain circumstances include a chair (People v Austin, 131 AD2d 490); a pool cue (People v Naylor, 120 AD2d 940); a knife handle without a blade (People v Williams, 118 AD2d 609); and cloth used to restrain another person's wrists (People

*v Marshall,* 105 AD2d 849). There was ample evidence at bar to support a finding that the defendant used the stick in a manner readily capable of causing serious physical injury.

The defendant also argues that he was deprived the effective assistance of counsel because his attorney failed to interpose the defense of justification. We disagree. In determining whether a defendant was deprived of his right to effective representation of counsel, the inquiry is whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147; *see, People v Lee,* 129 AD2d 587; *People v Lane,* 93 AD2d 92).

The complainant and a witness to the crime testified that the defendant was the initial aggressor and that the complainant never touched or threatened the defendant. Counsel's decision to forego the justification defense in favor of psychiatric testimony and argument that the defendant lacked the requisite intent to cause physical injury was a supportable "trial tactic." The defendant, therefore, has not demonstrated that he was deprived of the effective assistance of counsel *(see generally, People v Baldi, supra; People v James,* 146 AD2d 712; *People v Cox,* 146 AD2d 795; *People v Fraley,* 144 AD2d 580; *People v Lane, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.