**Bernice LANE, Petitioner-Appellant,**

v.

**Elaine LORD, Superintendent of Bedford Hills Correctional Facility, Respondent-Appellee.**

**No. 479, Docket 86–2258.**

United States Court of Appeals, Second Circuit.

Argued Dec. 4, 1986.

Decided April 8, 1987.

David Steinberg, Poughkeepsie, N.Y. (Steiman & Steinberg, Poughkeepsie, N.Y., on the brief), for petitioner-appellant.

Vida M. Alvy, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., O. Peter Sherwood, Sol. Gen., Gerald J. Ryan, Harvey M. Berman, Judith A. Gordon, Asst. Attys. Gen., New York City, on the brief), for respondent-appellee.

Before FEINBERG, Chief Judge,
NEWMAN and MINER, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The narrow issue on this appeal is whether a presumption of vindictiveness arises from a prosecutor's decision after a mistrial to lodge a superseding indictment that adds a criminal charge but does not expose the defendant to any higher maximum criminal penalty. Bernice Lane appeals from a judgment of the District Court for the Southern District of New York (John F. Keenan, Judge) denying her petition for a writ of habeas corpus. Because we conclude that the circumstances of this case do not "pose a realistic likelihood of 'vindictiveness,'" *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974), and that actual vindictiveness was not shown, we affirm.

## Background

Bernice Lane and John Henry Simmons were originally indicted in April 1976 by a New York grand jury for criminal possession and sale of a controlled substance. N.Y.Penal Law §§ 220.21, 220.43 (McKinney 1980). The charges arose out of a sale of heroin to undercover police officers.

In October 1976, Lane and Simmons began a jury trial before Acting Supreme Court Justice Shirley R. Levittan. At trial, it was revealed that Simmons had offered to cooperate with the district attorney and had implicated Lane in connection with an attempted plea bargain. Lane moved for a severance and a new trial. Justice Levittan granted the motions.

In March 1977, Lane began a second jury trial before Justice Levittan. At this trial, the State sought to prove Lane's identity as one of the perpetrators of the charged offenses by introducing evidence of her role in a subsequent drug sale. Judge Levittan sustained Lane's objection to the introduction of this "other crimes" evidence. When the jury failed to reach a verdict, Justice Levittan declared a mistrial.

In May 1977, the prosecutor filed a superseding indictment repeating the two substantive offenses of the earlier indictment and adding an additional count of conspiracy. N.Y.Penal Law § 105.15 (McKinney 1975 & Supp.1987). The conspiracy offense carries a maximum sentence of twenty-five years. *Id.* § 70.-00(2)(b). The additional charge, however, did not increase the maximum punishment Lane faced because the maximum sentence on the original drug selling offense is life imprisonment. *Id.* § 70.00(2)(a).[1] The prosecutor's purpose in lodging the additional charge was to provide a basis for admitting the "other crimes" evidence that Justice Levittan had excluded. Thereafter, Lane brought an Article 78 proceeding seeking a writ of prohibition against prosecution on the superseding indictment on the ground that it violated state law and due process. The Appellate Division denied Lane's petition. *Lane v. Office of Special Narcotics Prosecutor,* 58 A.D.2d 743, 396 N.Y.S.2d 747 (1st Dep't 1977).

In September 1977, Lane's third jury trial began, with Justice Ernst H. Rosenberger presiding. Lane was convicted of the sale and conspiracy counts. She was sentenced to a term of fifteen years to life imprisonment for the sale offense and a concurrent term of zero to seven years for the conspiracy offense.

Lane's direct appeals in the New York courts on the ground that the superseding indictment violated the New York double jeopardy statute were denied. *People v. Lane,* 81 A.D.2d 756, 438 N.Y.S.2d 663 (1st Dep't), *appeal denied,* 54 N.Y.2d 686, 443 N.Y.S.2d 1040, 426 N.E.2d 764 (1981). But on February 5, 1982, Justice Rosenberger granted Lane's motion to vacate the convictions on the ground that her trial attorney had provided ineffective assistance of coun-

1. The addition of the conspiracy charge did not create the risk of any increase in the minimum period of imprisonment (MPI). Under the law in effect when Lane was convicted, MPI's were not cumulated where consecutive sentences were imposed. N.Y.Penal Law § 70.30(1)(b) (McKinney 1975). We do not imply that the outcome of this case would be different under current law, which requires cumulation of MPI's for sentences imposed consecutively. *Id.* § 70.30(1)(b) (McKinney Supp.1987). *See generally Hunter v. Fogg,* 616 F.2d 55 (2d Cir.1980).

sel for failure to raise the double jeopardy issue at trial. *People v. Lane,* 112 Misc.2d 514, 447 N.Y.S.2d 232 (Sup.Ct., N.Y. County 1982). The Appellate Division reversed on April 12, 1983. 93 A.D.2d 92, 460 N.Y.S.2d 926 (1st Dep't), *appeal denied,* 59 N.Y.S.2d 974, 466 N.Y.S.2d 1035, 453 N.E.2d 559 (1983). Lane subsequently began serving her sentence.

In July 1985, Lane filed a petition for a writ of habeas corpus in the District Court for the Southern District of New York, challenging the prosecutor's addition of the conspiracy count after the mistrial. Judge Keenan determined that no presumption of prosecutorial vindictiveness applied in this case and denied Lane's petition.

Discussion

Since its decision in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court has repeatedly ruled that punishing a person for exercising his legal rights violates the Due Process Clause. Recognizing that the fear of punishment may deter a person from exercising his rights, the Supreme Court has stated that in some circumstances a presumption of unconstitutional vindictiveness arises when prosecutors employ practices that "pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). In *Blackledge,* the Supreme Court held that a presumption of vindictiveness arises when, following a defendant's exercise of his state law right to a trial *de novo* after a conviction in a minor court, the prosecutor lodges a superseding indictment increasing the charge from a misdemeanor to a felony. The Supreme Court expressed the concern that in this context, though a prosecutor may have nonvindictive reasons for substituting the more serious charge, the defendant must be free to pursue his statutory right to a trial *de novo* without the apprehension of facing increased penalties. *Id.* at 27–28, 94 S.Ct. at 2102. *See also Thigpen v. Rob-*

*erts,* 468 U.S. 27, 30, 104 S.Ct. 2916, 2918, 82 L.Ed.2d 23 (1984).

Since *Blackledge,* the Supreme Court has applied the presumption of prosecutorial vindictiveness only to situations in which a prosecutor lodges more severe charges following a defendant's post-conviction exercise of his right to appeal. *See Thigpen v. Roberts, supra.* The Court has declined to apply the presumption with regard to the lodging of a superseding indictment following unsuccessful plea bargaining because the "give-and-take" of plea bargaining does not in general reflect a retaliatory motive. *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978). *See also United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (resisting an inflexible presumption of prosecutorial vindictiveness in the pretrial setting).

The present case falls in between the Supreme Court's pretrial/post-conviction dichotomy. The prosecutor lodged the additional charge following declaration of a mistrial. Recognizing the inflexibility of a presumption of vindictiveness and that institutional pressures similar to those identified in *Blackledge* might operate in the mistrial context, *see United States v. Kahn,* 787 F.2d 28, 32 (2d Cir.1986), our Circuit has proceeded with caution in determining whether a presumption of vindictiveness arises from the lodging of additional charges following the granting of a defendant's motion for a mistrial. In *United States v. Kahn, supra,* we concluded that the presumption does not arise when the prosecution consents to the declaration of a mistrial.[2] In *United States v. Lizza Industries,* 775 F.2d 492, 495–96 (2d Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1459, 89 L.Ed.2d 716 (1986), we held that the presumption does not arise when, following a mistrial, the prosecutor adds a count charging the defendant with perjury during the first trial.

In the present case, the prosecution, after a mistrial, lodged a superseding indict-

---

**2.** In the present case, the appellate record is not clear on whether the prosecutor resisted declaration of the mistrial. The State asserts, in an affidavit filed with its brief, that it cannot locate any transcript or other record relating to the

trial court's declaration of a mistrial. In the absence of certainty on this point, we do not consider *United States v. Kahn, supra,* controlling.

ment that, although adding a conspiracy count, did not expose Lane to any greater criminal penalty than the original indictment. At least in the mistrial context, we believe that a threat of greater punishment is required to justify a "realistic" apprehension of retaliatory motive on the part of the prosecution. *Blackledge v. Perry, supra,* 417 U.S. at 27, 94 S.Ct. at 2102. In *Blackledge,* the Supreme Court emphasized that the prosecution creates an apprehension of vindictiveness by " 'upping the ante' " after a successful criminal appeal—charging a felony in the superseding indictment where the original indictment charged only a misdemeanor. *Id.* at 27–28, 94 S.Ct. at 2102. In the absence of a prospect of exposure to increased punishment, we do not believe that a defendant's right to move for a mistrial is realistically chilled by the possibility of facing additional charges on retrial.

In deciding whether to move for a mistrial when a jury reports a deadlock, a defendant acting completely rationally would compare the likely consequences of allowing the jury to deliberate longer with the likely consequences of obtaining a mistrial. To make that choice the defendant would have to make two difficult assessments: the likelihood of conviction if deliberations continue and the likelihood of conviction at a retrial. It has been reported that the last vote of deadlocked juries favors conviction nearly three times as often as acquittal. *See* H. Kalven, Jr. & H. Zeisel, *The American Jury* 460 (1966). Perhaps that is why defendants commonly request a mistrial at the first report of a deadlock, forgoing the possibility of an acquittal if deliberations continue in favor of the certainty of avoiding conviction at the first trial, even at some risk of facing what might be an enhanced prospect of conviction at a retrial. While we do not rule out the remote possibility that some defendant might hesitate to move for a mistrial out of the fear that the prosecution could lodge additional, though no more severe, charges following a mistrial and thereby increase the chances of conviction at a retrial, we do not believe that leaving prosecutors free to add such charges prior to a conviction creates the "realistic likelihood of 'vindictiveness,' " *Blackledge v. Perry, supra,* 417 U.S. at 27, 94 S.Ct. at 2102, necessary to raise a presumption. *Cf. United States v. Goodwin, supra,* 457 U.S. at 381, 102 S.Ct. at 2492. The choice facing the defendant when a jury reports a deadlock involves too much speculation for us to conclude that the prospect of an increased chance of conviction at retrial, even if contemplated by a defendant, would impair the defendant's opportunity to seek a mistrial. A presumption of vindictiveness did not arise in this case. *Accord United States v. Motley,* 655 F.2d 186, 191 (9th Cir.1981).

Even though Lane does not benefit from a presumption of vindictiveness, she may still seek to prove actual prosecutorial vindictiveness. *See United States v. Goodwin, supra,* 457 U.S. at 380–81, 102 S.Ct. at 2492–93. In this case, however, we agree with Judge Keenan that

> [t]he decision to re-indict was not a response to [Lane's] exercise of a right, but was merely a result of the prosecutor's desire to have improperly suppressed evidence relative to defendant's identity admitted at a later trial.

Opinion and Order of the District Court at 10 (June 10, 1986) [Available on WEST-LAW, DCTU database].

The judgment of the District Court is affirmed.