**UNITED STATES of America,**

v.

**Joseph HOFFER, Defendant.**

No. S.87 Cr. 773 (CMM).

United States District Court,
S.D. New York.

April 21, 1988.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City, for U.S.; Daniel A. Nardello, Asst. U.S. Atty., of counsel.

Caesar D. Cirigliano, Legal Aid Soc., Federal Defender Services Unit, New York City, for defendant; Paul Davison, of counsel.

METZNER, Senior District Judge:

Defendant moves to strike Count 2 of the superseding indictment which charges him with having robbed an agent of the Drug Enforcement Administration (DEA) of property belonging to the United States. 28 U.S.C. § 2112. He urges that the government is engaged in vindictive prosecution.

Defendant was originally indicted on a single count of having assaulted with a dangerous weapon an officer of the DEA. The maximum sentence that may be imposed upon a jury's verdict of guilty of this charge is ten years' imprisonment and a $10,000 fine. Absent the use of a dangerous weapon, the maximum sentence is three years' imprisonment and a $5,000 fine. In this case the jury convicted the defendant of the lesser included offense.

Judge Ward granted defendant's post-trial motion for a new trial pursuant to Rule 33 of the Rules of Criminal Procedure on the ground that error had been committed in the charge to the jury. Thereafter the government filed this superseding indictment which, in Count 1, alleges the simple assault charge for which defendant had been found guilty by the jury, and in Count 2 alleges the crime of robbing an agent of the DEA of property belonging to the United States.

The maximum sentence that may be imposed on Count 1 is three years' imprisonment plus a $5,000 fine. Count 2 carries a punishment of fifteen years and a $250,000 fine. Thus, conviction on both counts carries the maximum imprisonment of eighteen years and a $255,000 fine.

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the defendant had been convicted of a misdemeanor in the North Carolina District Court. In that state an appeal consists of a trial *de novo* in the Superior Court. Before the trial could proceed, the state obtained an indictment charging defendant with a felony on the same facts which formed the basis for the misdemeanor charge. This action presented the defendant with the possibility of increased punishment. The court held that this procedure denied due process to the defendant even without a showing of retaliatory motive on the part of the prosecutor. A defendant must be free to pursue his rights without apprehension that the government will retaliate by substituting exposure to greater punishment.

In *Lane v. Lord,* 815 F.2d 876 (2d Cir. 1987), the defendant was originally charged with a crime carrying the maximum penalty of life imprisonment, and the addition of any additional charge could not have a chilling effect in defendant's desire to move for a mistrial which, if granted, could open defendant to enhanced punishment.

In view of the clear language in *Blackledge,* I cannot accept, nor do I think this circuit will accept the holding in *United States v. Taylor,* 749 F.2d 1511 (11th Cir. 1985), that where the prosecutor adds a new charge carrying greater punishment for conduct that occurred in the "same spree of activity," defendant's due process rights are implicated only if there is actual vindictiveness.

Motion granted dismissing the second count.

So ordered.