**UNITED STATES of America**

**v.**

**Stephen P. CADY, Defendant.**

**No. 96–CR–238.**

United States District Court,
N.D. New York.

March 6, 1997.

Thomas J. Maroney, United States Attorney, Binghamton, NY, for plaintiff; Miroslav Lovric, Asst. U.S. Attorney, of counsel.

Pinnisi, Wagner, Sherwyn & Geldenhuys, P.C., Ithaca, NY, for defendant; Michael Pinnisi, of counsel.

### MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

#### A. Procedural Background

Pending before the Court is Defendant's Motion for Reconsideration of the Court's Memorandum–Decision & Order of October 31, 1996. In its Decision of October 31, 1996, this Court, *inter alia,* denied Defendant's Motion to Dismiss Indictment 96–CR–238 on

the basis of prosecutorial vindictiveness, and denied Defendant's Motion to Dismiss on the basis of the Government's waiver of its right to bring a second indictment. *See United States v. Cady,* 1996 WL 650662 (N.D.N.Y. 1996).

Subsequent to the filing of Defendant's Motion for Reconsideration, the Court became aware of additional evidence that might be probative of the issue of prosecutorial vindictiveness. Accordingly, the Court notified Defendant's counsel, Michael Pinnisi, and Assistant United States Attorney Miroslav Lovric of this information via a conference on the record on December 12, 1996.

On December 14, 1996, after reviewing the party's submissions, the Court vacated its prior Memorandum–Decision & Order dated October 31, 1996, as it pertained to Defendant's motion for dismissal of the Indictment based on vindictive prosecution. *See United States v. Cady,* 1996 WL 732826 (N.D.N.Y. 1996). Furthermore, the Court reserved on Defendant's Motion to Dismiss for prosecutorial vindictiveness, pending consideration of additional evidence on the issue of the Government's motivation in bringing Indictment 96–CR–238.

On February 7, 1997, the Government submitted its evidentiary response to Defendant's Motion to Dismiss for prosecutorial vindictiveness. On February 19, 1997, Defendant submitted his reply papers. Accordingly, the factual record is sufficiently developed for the Court to make a final determination on the issue of prosecutorial vindictiveness.

### B. Factual Background

On April 8, 1994, the Government filed a criminal complaint charging Stephen Cady with *using and carrying* an Uzi machine gun during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On August 3, 1994, Cady waived indictment and was charged in Information 94–CR–280 with one count of manufacturing marihuana in violation of 18 U.S.C. § 841(a)(1), and one count of *possession* of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Cady executed a written plea agreement on that same day, and en-

tered pleas of guilty to both charges. On October 28, 1994, this Court sentenced Cady to eight (8) months imprisonment on the manufacturing count, and sixty (60) months imprisonment on the weapon possession count, to run consecutively.

The current Indictment, 96–CR–238, includes five counts, charging Cady with manufacturing, distributing, and possessing marihuana, all in violation of 18 U.S.C. § 841, and with the *use and carry* of a .9mm Uzi machine gun, 7.62 semi-automatic rifle, and 7.62 bolt action rifle in violation of 18 U.S.C. § 924(c)(1).

Defendant argues, *inter alia,* that the instant indictment is a "vindictive response" to Cady's filing of a 28 U.S.C. § 2255 motion to modify his sentence. In response, the Government avers that Cady violated the plea agreement in 1994, when he intentionally misled the Government in its debriefings of Cady and that Assistant United States Attorney Miroslav Lovric ("AUSA Lovric") told Defendant as much on September 19, 1994, when the Government canceled all further debriefings.

## II. DISCUSSION

In its December 14, 1996 Memorandum–Decision & Order, the Court stated that it would reconsider Defendant's motion for dismissal of Indictment 96–CR–238 on the basis that the Indictment was the product of vindictive prosecution. However, the Court stated that it would not reconsider its prior decision that the Government did not waive its right to bring a second indictment. *See Cady,* 1996 WL 650662, *4.

In some circumstances a *presumption* of unconstitutional vindictiveness arises when prosecutors employ practices that "pose a realistic likelihood of 'vindictiveness.'" *Lane v. Lord,* 815 F.2d 876, 878 (2d Cir.1987) (emphasis added) (*quoting Blackledge v. Perry,* 417 U.S. 21, 21, 94 S.Ct. 2098, 2099, 40 L.Ed.2d 628 (1974)). An example of a suspect practice is where a prosecutor lodges more severe charges following a defendant's post-conviction exercise of his right to appeal. *See Lane,* 815 F.2d at 878; *United States v. White,* 972 F.2d 16, 19 (2d Cir.1992).

█ After examining the factual submissions of the parties, this Court previously held that:

Cady has demonstrated sufficient facts to warrant a presumption of vindictiveness. Once the presumption of vindictive prosecution is raised, 'the burden shifts to the prosecution to rebut it by presenting evidence of independent reasons or intervening circumstances that demonstrate that the prosecutor's decision was motivated by a legitimate purpose.'

*United States v. Cady*, 1996 WL 650662, at *6 (N.D.N.Y.1996) (*citing Adamson v. Ricketts*, 865 F.2d 1011, 1019 (9th Cir.1988); *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982) (presumption of vindictiveness "may be overcome only by objective information in the record"); *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995) (requiring "legitimate, articulable, objective reasons" justifying a decision to initiate a prosecution); *United States v. Rodgers*, 18 F.3d 1425, 1431 (8th Cir.1994) (same); *United States v. Mallah*, 503 F.2d 971, 988 (2d Cir.1974) (stating in dicta that a prosecutor must have a "valid reason" for bringing additional charges)).

█ In analyzing whether the Government had met its burden of articulating "objective information" as required by *United States v. Goodwin*, this Court stated:

[A]fter repeated questioning by the Court at oral argument, the Government did not definitively state that the decision to reindict Cady was made prior to Cady's attempted filing of the § 2255 motion. Rather, the government stated: 'I couldn't tell you, Judge, as I sit here right now that between September 19 or October 24 that there is any point in time the government said we are absolutely going to indict Mr. Cady as soon as all of these other matters that are more pressing are taken care of.' (Tr. at 28.)

*Cady*, 1996 WL 650662, at *6. Instead, the Government asserted that the decision to indict Cady a second time was motivated by Cady's breach of his Plea Agreement in 1994. *Cady*, 1996 WL 650662, at *6.

In the Government's papers submitted in opposition to Defendant's original motion to dismiss, the Government stated that the decision to bring a second indictment was made without regard to Cady's § 2255 motion, and that the approximately two-year delay was due to the fact that "[t]he Stephen Cady case [was] just one of the numerous matters that went on the "back burner list" as a result of workload in the United States Attorney's Office in Binghamton." (Gov't's Consolidated Response at 21.) In addition, the Government stated that "[t]he Stephen Cady matter has been on that unfinished business list since the date that he breached the plea and cooperation agreement." (Gov't's Consolidated Response at 24.)

Based on the record created during oral argument on Defendant's vindictive prosecution motion, and based on the submissions by the parties, the Court held that "[a]lthough it is not clear exactly when the Government actually decided to bring the second Indictment, the Court finds that the motivation for bringing that second Indictment was not Cady's § 2255 motion, but his prior conduct in the debriefings." *Cady*, 1996 WL 650662, at *6.

However, on Defendant's Motion for Reconsideration the Court further reviewed the record and concluded that "the Government's assertions do not rise to the level required by *Goodwin* to rebut the presumption of vindictiveness that exists in this case. As the Supreme Court stated in *Goodwin*, this presumption may be 'overcome only by objective information in the record.'" *Cady*, 1996 WL 650662, *6 (*citing Goodwin*, 457 U.S. at 368, 374–75, 102 S.Ct. at 2486, 2489–90). Furthermore, we stated that "the burden is on the Government to produce this objective evidence." *Cady*, 1996 WL 650662, *6 (*citing Adamson*, 865 F.2d at 1019).

**B. The Government's Objective Evidence Rebutting the Presumption of Prosecutorial Vindictiveness**

The Government's opposition primarily rests on the assertion that "[t]he Stephen Cady matter was pushed to the back burner in the winter of 1994. The government had 'thought about' pursuing new charges against defendant as a result of his violating the plea and cooperation agreement. Those thoughts did not materialize into any type of action

between the winter of 1994 and May 13, 1996." (Govt's Response Aff. ¶ 13).

In support of this assertion, the Government offers the following "objective" evidence of its non-vindictive motive. First, the Government states that its "May 13, 1996 letter is the best resource that identifies the government's intentions, motives and timing of those intentions and motives." (Govt's Response Aff. ¶ 11). The letter the Government is referring to is a letter from AUSA Lovric to Defendant's counsel dated May 13, 1996. (Letter from AUSA Lovric to Michael Pinnisi of 5/13/96 (hereinafter "May 13 Letter")).

However, the May 13 Letter is devoid of any evidence that demonstrates that the decision to indict Cady a second time was based on a non-vindictive motive. At the most, the letter offers circumstantial evidence that the Government considered itself fully justified in bringing a second indictment.[1] However, the May 13 Letter from the Assistant United States Attorney handling Cady's case also significantly undercuts the Government's present assertion. In the letter's opening sentence AUSA Lovric states that he has "scheduled a grand jury presentation in this matter *as a result of* your client's most recent tactic."[2] (May 13 Letter at 1 (emphasis added)). Nowhere in the May 13 Letter does it state that the Government's decision to re-indict Cady was made without regard to Cady's § 2255 motion.

The only other "objective" evidence provided by the Government is the assertion that "[t]he objective information and evidence to support what I was doing during the time period from October 28, 1994 to May 13, 1996 can be found in the hundreds and hundreds of filings that are part of the Court's records." (Govt's Response Aff. ¶ 15). The Government's argument, however, misses the point. Even if every attorney in the United States Attorney's office took a leave of absence and left the entire operation unmanned from October 1994 through May 1996, this only supports the conclusion that the indictment could not be brought before May 1996. It does not advance the argument that the *decision* to re-indict Cady was made without regard to his § 2255 motion; to wit, it is only probative as to when, not *why*, the decision was made.

In the absence of any objective evidence demonstrating that the Government decided to re-indict Cady without regard to his § 2255 motion, the Government cannot rebut the presumption that Indictment 96–CR–238 was the product of vindictive prosecution.

## III. CONCLUSION

Indictment 96–CR–238 is DISMISSED with prejudice.

**IT IS SO ORDERED.**

---

1. Arguably, the portions of the May 13 Letter that provide circumstantial evidence that the Government felt justified in reindicting Cady include the second sentence wherein AUSA Lovric writes: "Your client violated the express terms of the plea and cooperation agreement *well before* his recent contemplation of filing the motion that you copied me. As you may well recall, it was your client that intentionally and repeatedly lied, misled, deceived and falsely implicated other persons." (May 13 Letter at 1 (emphasis added).) AUSA Lovric goes on to write: "Your

client is now attempting to violate the plea and cooperation agreement for the *second time and in a second manner....* Please inform your client that once is one time too many. The government intends to invoke its rights pursuant to paragraph 32 ...." (May 13 Letter at 2 (emphasis added).)

2. Clearly, the "tactic" the Government was referring to was Cady's § 2255 motion; a conclusion the Government does not contest.