**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER LAMONT HILL,
            *Defendant-Appellant.*

No. 03-4024

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant,*

v.

CHRISTOPHER LAMONT HILL,
            *Defendant-Appellee.*

No. 03-4098

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-02-59)

Argued: October 31, 2003

Decided: April 2, 2004

Before WILKINS, Chief Judge, and KING and
GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part and remanded with instructions by
unpublished opinion. Judge Gregory wrote the opinion, in which
Chief Judge Wilkins and Judge King joined.

---

**COUNSEL**

**ARGUED:** Frederick Hope Marsh, HILL, TUCKER & MARSH, Richmond, Virginia, for Appellant. Paul Joseph McNulty, United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Brent A. Jackson, HILL, TUCKER & MARSH, Richmond, Virginia, for Appellant. Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

GREGORY, Circuit Judge:

Christopher Lamont Hill appeals his convictions and sentence for conspiracy to possess with intent to distribute and to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 851; possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 851; two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841, 851; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and use of a communication device to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b). Hill was sentenced to a total of 444 months on these convictions. The district court, however, refused to sentence Hill to a mandatory minimum of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A), based on Hill's prior convictions. Instead, the district court held that the government's filing of a 21 U.S.C. § 851 notice of enhancement constituted vindictive prosecution, and sentenced Hill under the United States Sentencing Guidelines.

Hill appeals contending that all six convictions should be dismissed because his Fifth Amendment rights were violated through prosecutorial vindictiveness. In the alternative, he requests that we vacate his

sentence and remand to the district court for resentencing with instructions that the district court had authority to downwardly depart from the guidelines. The United States cross-appeals, asserting that the district court erred by finding prosecutorial vindictiveness and thus refusing to enhance Hill's sentence pursuant to 21 U.S.C. § 841(b)(1)(A), which would have required the imposition of a mandatory minimum life sentence.

We reject Hill's argument that all six counts upon which he was convicted should be dismissed because the superseding indictment amounted to vindictive prosecution. Therefore, we affirm Hill's underlying convictions. Similarly, we reject his argument regarding downward departure. On the cross-appeal, however, we find that ambiguities in the district court's finding of vindictive prosecution require us to remand for plenary consideration of the issue. Furthermore, we conclude that the district court erred in treating its finding of vindictive prosecution as an irrebuttable presumption. Therefore, we vacate and remand for plenary consideration of the sentencing issue raised in the government's cross-appeal.

I.

On December 18, 2001, the government filed a one-count indictment against Joseph Wayne Pratt, charging him with possession with intent to distribute more than fifty grams of cocaine base, in violation of 28 U.S.C. § 841(a). The district court dismissed the indictment with prejudice because of the government's failure to prosecute. On February 20, 2002, a federal grand jury in Richmond issued a six-count indictment against Pratt, Mark Beale, and Defendant Hill.

Hill was indicted on Counts One and Two: (1) conspiracy to possess with the intent to distribute and to distribute more than 50 grams of powder cocaine and cocaine base, in violation of 21 U.S.C. § 846, and (2) possession with the intent to distribute and distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pratt was indicted on all six counts and Beale was indicted on the first and third counts.[1]

---

[1]Counts Three through Five consisted of attempts to possess with the intent to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2, and Count Six charged using a communication device to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b).

Before trial, the United States successfully moved to dismiss Count Two against Hill without prejudice. Beale entered an agreement to plead guilty to Count Three. On June 20, 2002, Pratt and Hill proceeded to trial on the remaining counts. At trial, Pratt filed a motion *in limine* and for severance challenging the government's ability to bring a distribution count as an overt act separate from the conspiracy count. The distribution count arose from an incident on October 29, 1999, where Hill allegedly sold crack to Pratt. Pratt's counsel argued that the October 29 incident was based on the same underlying facts as the count in the original indictment which had been dismissed with prejudice. Pratt also moved to exclude certain tapes and transcripts of recorded conversations.[2] The district court denied the omnibus motions to exclude tapes and transcripts of recorded conversations, but excluded all evidence corresponding to Count Two, which was based on the events of October 29, 1999. The court reasoned that Count Two against Pratt directly related to the original indictment against Pratt, which had already been dismissed with prejudice, and directly related to the previously dismissed Count Two against Hill. The district court denied the government's efforts to seek a continuance to file an interlocutory appeal challenging the court's severance and exclusion of evidence.

At trial, the jury convicted Pratt on Count One and Counts Three through Six. Because of the successful motion *in limine* challenging evidence relating to the events of October 29, the evidence against Hill on Count One, the conspiracy charge, was limited. The jury hung as to Count One against Hill. The district court declared a mistrial and set a new trial date of September 18, 2002.

On August 20, 2002, a grand jury returned a six-count superseding indictment against Hill. The two counts upon which Hill was originally charged were reinstated, and the government added four additional counts.[3] On September 16, 2002, two days before trial, the

---

[2]While it is unclear whether Hill joined Pratt's motion at this juncture, Hill subsequently relied on the ruling granting this motion when seeking to have certain evidence excluded.

[3]The new counts were as follows: (3-4) possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (6) use of a communication device in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b).

government filed a notice of intent to seek sentencing enhancement, 21 U.S.C. § 851. Such enhancement would require mandatory minimum life sentences on Counts One and Two of the indictment, pursuant to § 841(b)(1)(A), based on Hill's three prior felony drug convictions. The defense did not object to the enhancement notice.

On the day of trial, Hill unsuccessfully moved to quash the counts in the superseding indictment, "object[ing] on the basis that there is no corroborating evidence." The court asked defense counsel, "are you claiming prosecutorial misconduct in adding these, or what?" Hill's counsel responded, "I won't go that far, Your Honor. I just have a problem with there being no corroborative testimony or evidence . . . ." (J.A. 305.)

Following a one-day bench trial, Hill was convicted on all counts. Before sentencing, Hill obtained new counsel (who now represents Hill on appeal), and filed a motion for departure from the sentencing guidelines, pursuant to 18 U.S.C. § 3553, on the basis that sentencing him under the career offender guideline over-represented the seriousness of his criminal history. Hill also objected to the Presentence Report, claiming that the report misstated one of his prior convictions.

At the sentencing hearing, the district court denied Hill's motions. However, in sentencing Hill, the district court denied what it construed as the government's "motion" for an enhanced sentence pursuant to 21 U.S.C. § 841(b)(1)(A). The court did so based upon a *sua sponte* finding of vindictive prosecution. The district court stated the new charges and the enhancement were:

> over-kill of the first order. And to add insult to injury, that the government would be belligerent enough to really ask for an enhancement on about the third superseding indictment in the case simply because they are ticked off at the Court because I made an adverse evidentiary ruling for them and dismissed a count because they weren't ready to go to trial when they were scheduled to go, and they are taking it out on your client, frankly, it is a sad commentary on our judicial system that the government can manipulate it in such a way.

. . . .

> The government filed additional charges and sought the
> enhancement only after The Court's evidentiary ruling and
> the jury's failure to reach a verdict against Hill in the first
> trial. I find that this is a *classic case of vindictiveness by the*
> *prosecution*. The government's action in seeking the sen-
> tence enhancement only on the second trial, even though all
> the raw material to do so was available to the government
> during the first trial, proves that the government was moti-
> vated by animus.

(J.A. 509, 516 (emphasis added).)

Accordingly, the court sentenced Hill under the guideline ranges
rather than imposing the mandatory minimum life sentences, pursuant
to 21 U.S.C. § 841(b)(1)(A), on Counts One and Two that would have
flowed from the government's filing of § 851 information. By written
order, the district court sentenced Hill to 444 months of imprison-
ment, consisting of 360 months on Counts One through Three, 240
months on Count Four, and 48 months on Count Six, all to run con-
currently, and 84 months on Count Five to run consecutively. Follow-
ing sentencing, this appeal and cross-appeal ensued.

## II.

Hill raises two arguments premised on a theory of vindictive prose-
cution. First, he contends that we should dismiss all six of his under-
lying convictions because the government, by filing the superseding
indictment, engaged in vindictive prosecution thus violating Hill's
Fifth Amendment rights. Alternatively, Hill argues that even if we do
not set aside his convictions, we should affirm the district court's dis-
missal of the § 851 enhancement based on its finding of vindictive
prosecution.

The prosecutorial vindictiveness doctrine arose from a series of
cases concerning the due process violation that occurs when a defen-
dant is punished for exercising constitutional or statutory rights in his
or her defense. *See North Carolina v. Pearce*, 395 U.S. 711, 723-728

(1969) (finding a presumption of vindictiveness where the judge imposed a more severe sentence after a new trial). The Supreme Court has held that to punish "a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, [citation] and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (citations omitted). In the prosecutorial context, the doctrine holds that a due process violation occurs when a prosecutor takes action to penalize a defendant for invoking a legally protected right. *See Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974).

In *Blackledge*, the defendant exercised his right to a new trial following a conviction for misdemeanor assault. Thereafter, the prosecutor charged him with felony assault based on the same conduct. The Court held that the felony charge was barred on due process grounds. The Court stated that "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose *a realistic likelihood of 'vindictiveness.'*" *Id.* at 27 (emphasis added). In *Blackledge*, the Court stressed that a presumption was appropriate even absent "evidence that the prosecutor in this case acted in bad faith or maliciously," *id.* at 28, because the mere appearance of vindictiveness would chill the right to appeal. *See also United States v. Goodwin*, 457 U.S. 368, 373-78 (1982).

In *Bordenkircher*, *supra*, and *Goodwin*, *supra*, the Court reviewed prosecutorial vindictiveness claims arising from defendant's assertion of protected rights in the pretrial context. In those cases, the prosecutors indicted defendants on more serious charges after the defendants rejected plea bargains. In *Bordenkircher*, the Court held that no presumption of vindictiveness arose because in the "give-and-take" of plea bargaining, there is no retaliation so long as the defendant remains free to accept or reject the plea. 434 U.S. at 363. Similarly, in *Goodwin*, the Court rejected defendant's claim that a presumption of vindictiveness arose when the defendant refused to plead guilty and demanded a jury trial. *See* 457 U.S. at 383.

The reasonable likelihood standard is to be distinguished from an actual showing of vindictiveness. In *United States v. Wilson*, 262 F.3d 305 (4th Cir. 2001), we stated that to establish actual prosecutorial

vindictiveness, the defendant "must show, through objective evidence, that (1) prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *Id.* at 314 (citing *Goodwin*, 457 U.S. at 380 n.12). *Wilson* recognizes, as discussed above, that if the defendant cannot demonstrate such animus, he or she may still present evidence of "circumstances from which an improper vindictive motive may be presumed." *Id.*

Hill argues that all six of his underlying convictions should be set aside because the government engaged in vindictive prosecution.[4] We find Hill's argument unavailing.

First, Hill does not articulate whether his vindictive prosecution claim is one of actual animus, or if it is of the "reasonable likelihood of vindictiveness" ilk. Regardless, in the first instance, Hill presents no objective evidence that the prosecutor acted with genuine animus, and that "but for" such animus Hill would not have been prosecuted. *Wilson*, 262 F.3d at 314. Furthermore, we find that on these facts, bringing additional charges following a mistrial does not raise the "reasonable likelihood of vindictiveness." As the Sixth Circuit has recognized, "[g]enerally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001) (citation omitted). Here, however, it was not the additional counts of the indictment that would have subjected Hill to the greatest punishment. Instead, it was Counts One and Two of the superseding indictment, counts upon which Hill was originally indicted, that carried the heaviest penalties — mandatory minimum life sentences if the gov-

---

[4]The government contends that under *United States v. Olano*, 507 U.S. 725, 731-34 (1993), we have no authority to review this prosecutorial vindictiveness claim because it was waived by the defendant. *See* Br. of Gov't at 14-15 (citing J.A. 305-07). The colloquy on which the government relies, however, does not support its waiver argument. In that colloquy, defense counsel disavowed any allegation of prosecutorial misconduct, but did so within the context of whether the new charges were supported by sufficient evidence, not whether the United States acted with vindictive motive.

ernment filed a § 851 notice of enhancement. Thus, Hill cannot reasonably claim that the additional charges alone raised a presumption of vindictiveness, for the additional charges carried penalties that were largely cumulative. *See Lane v. Lord*, 815 F.2d 876, 879 (2d Cir. 1987) (holding no presumption of vindictiveness despite additional charges following mistrial because the defendant was not exposed to any more serious criminal penalties).

Moreover, even with a modest increase in potential penalty because the sentence under Count Five runs consecutively, the additional charges appear to manifest the government's legitimate response to new circumstances occasioned by the adverse evidentiary ruling and mistrial. As a result of the court's evidentiary ruling in the first trial concerning the events of October 29, the government naturally sought to proffer additional overt acts upon which it could base the original conspiracy count and obtain a conviction. In advance of the new trial, the United States took the opportunity to "cure perceived deficiencies in the original indictment" that contributed to the mistrial. *United States v. Brown*, 298 F.3d 392, 406 (5th Cir. 2002) (internal quotation marks omitted). As the government states in its brief, "[b]y charging the overt acts of the conspiracy as separate counts (including the use of a firearm and the use of a pager), the United States was reasonably assured that the evidence regarding those substantive counts would not be excluded from a second trial." Br. of Gov't at 17. This wholly neutral, and rational, reason for the additional charges defeats the presumption of vindictiveness. Accordingly, Hill's contention that all six convictions should be dismissed because of prosecutorial vindictiveness is without merit.

## III.

Hill argues on appeal that the district court erred by refusing to downwardly depart in sentencing. Hill claims that the district court "had the authority to downwardly depart . . . but failed to do so because it believed it did not have the authority to do so." Appellant's Br. at 21; *see United States v. Jones*, 18 F.3d 1145, 1148-49 (4th Cir. 1994) (noting that district court's refusal to downwardly depart is not subject to appellate review unless the court mistakenly believed that it lacked the authority to depart).

In sentencing Hill, the district court remarked, "I am imposing this sentence with a heavy heart because I happen to think it is so disproportionate to what the sentence ought to be. I want the record to reflect that." From the record, it is clear that the district court refused to downwardly depart, not because it believed it lacked authority, but because it found departure unwarranted. The district court concluded that there was "no reason to depart from the sentence called for by the Guidelines . . . . The defendant is correctly classified as a Career Offender, and his criminal history is not so atypical from that of other Career Offenders to warrant a departure . . . ." Dist. Ct. Findings of Fact ¶ 10 (E.D. Va. Dec. 10, 2002). Therefore, we reject Hill's contention that the district court erred in refusing to downwardly depart.

## IV.

### A.

On cross-appeal, the United States argues that the district court erred by holding that the filing of the § 851 enhancement on the eve of retrial constituted vindictive prosecution. The government contends the district court's *sua sponte* finding of vindictiveness cannot be supported under either the actual animus or the reasonable likelihood of vindictiveness standard. We review a district court's finding regarding prosecutorial vindictiveness for abuse of discretion. *United States v. Fiel*, 35 F.3d 997, 1007 (1994) (citation omitted); *accord United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (citing *United States v. Najjar*, 300 F.3d 466, 480 (4th Cir. 2002)).

The United States argues that the district court erred in purporting to "dismiss" the sentencing enhancement, because the "government's discretionary authority to file a Section 851 notice is virtually absolute and unreviewable."[5] Br. of Gov't at 26. However, the government

---

[5]Section 851(a)(1) of Title 21 of the United States Code provides: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." Here, the government filed its notice of enhancement

is also forced to concede that this discretionary charging decision *is* reviewable when "based on a constitutionally impermissible factor such as race, sex, or religion or motivated by animus and filed in retaliation for the defendant's exercise of a constitutional right." Br. of Gov't at 23. Accordingly, a court's power to review the § 851 enhancement notice is entirely consistent with *Bordenkircher*'s maxim that prosecutorial discretion, though broad, is not unlimited, and courts must protect individuals from prosecutorial misconduct whether premised on an unconstitutional motive or bad faith. *See* 434 U.S. at 365.

Here, the district court concluded that the government acted with an unconstitutional motive. Yet from the record it is unclear whether the district court based its finding of vindictiveness on Hill's challenge to evidence concerning the October 29 incident, or on Hill's exercise of his right to a trial following re-indictment. *Compare* J.A. 509 ("[T]he government [was] belligerent enough to . . . ask for an enhancement . . . simply because they are ticked off at the Court because I made an adverse evidentiary ruling for them . . . and they are taking it out on your client . . . .") *and id.* at 516 ("The government . . . sought the enhancement only after The Court's evidentiary ruling . . . .") *with id.* (stating the government filed the enhancement notice "only as a result of the government's frustration with the defendant for continuing to exercise his right to a trial on the superseding indictment").

While the former ground might support a finding of vindictiveness, *see, e.g.*, *Blackledge*, 417 U.S. at 28-29; *Goodwin*, 457 U.S. at 373 ("in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right . . . it [is] necessary to 'presume' an improper vindictive motive"), the latter ground clearly would not, *see Bordenkircher*, 434 U.S. at 363 (holding presumption

---

pursuant to 21 U.S.C. § 851 two days before Hill's retrial, thus there is no dispute that such filing satisfied the modest procedural requirements. *See, e.g.*, *United States v. Rice*, 43 F.3d 601, 604 (11th Cir. 1995) (holding that government's announcement on the day that trial began, but before jury was empaneled, that it was seeking enhancement complied with the statutory requirement).

of vindictiveness does not arise when the government carries out a threat, made during plea negotiations, to file additional charges against a defendant who declines to plead guilty); *United States v. Morsley*, 64 F.3d 907, 920 (4th Cir. 1995) (discussed *infra*). Based on this lack of clarity,[6] we must remand for the district court to conduct plenary review of the prosecutorial vindictiveness issue. Because the issue of whether the filing of a § 851 enhancement can constitute vindictiveness is somewhat unusual, and because the government urges us to hold, as a matter of law, that the filing of a § 851 enhancement does not constitute vindictive prosecution, we offer some guidance.

If the district court interpreted the filing of the § 851 enhancement as the government's response to the evidentiary challenge that resulted in the exclusion of evidence at Hill's first trial, our cases do not expressly foreclose the possibility of a vindictiveness finding on that basis. Contrary to the government's suggestion, *see, e.g.*, Br. of Gov't at 26 ("The government's discretionary authority to file a Section 851 notice is virtually absolute and unreviewable."), there is no *per se* rule that the filing of a § 851 enhancement cannot amount to vindictive prosecution. For the power of the prosecutor to penalize egregiously and vindictively after the defendant's exercise of a consti-

---

[6]Additionally, we note that it is unclear from the record whether the district court based its vindictive prosecution holding on the actual animus standard or upon a finding of a reasonable likelihood of vindictiveness. While at one point the district court remarked that the "government's action in seeking the sentence enhancement only on the second trial, even though all the raw material to do so was available to the government during the first trial, proves that the government was motivated by animus," J.A. 516, the totality of the court's statements, *see* J.A. 509-16, and the context of the trial proceedings implicate the "reasonable likelihood" standard. This conclusion is buttressed by the fact that Defendant Hill presented no evidence of vindictive prosecution whatsoever. Therefore, a finding of actual vindictiveness is unsupportable, because as we stated in *Wilson*, 262 F.3d at 314, to establish such a claim "a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." Because Hill made no showing of actual vindictiveness, we conclude that the district court must have made its finding of vindictive prosecution based on the reasonable likelihood standard.

tutional right is as powerful, if not more powerful, than his or her power to charge in such a manner. *See United States v. Cespedes*, 151 F.3d 1329, 1332 (11th Cir. 1998) (noting enhancement is comparable to prosecutor's charging power).

Although we have not addressed the question of whether a presumption of vindictive prosecution arises when the government files a post-mistrial § 851 notice of enhancement when the mistrial results from exercise of the defendant's due process rights, we have addressed vindictive prosecution in the more general context of § 851 notice. *See Morsley*, *supra*. In *Morsley*, we considered a defendant's claim that the government engaged in vindictive prosecution by seeking an enhanced penalty following his repudiation of his plea agreement. 64 F.3d at 920. In that case, the defendant contended the government's conduct was retaliatory and designed to punish him for exercising his right to a jury trial. We held that *Bordenkircher*, 434 U.S. at 363, precluded such a claim. *Morsley*, 64 F.3d at 920. We reasoned that *Bordenkircher* directly controlled because the prosecutor expressly told the defendant that if he did not plead guilty, the prosecutor would return to the grand jury to obtain additional charges that would increase defendant's punishment. *See id.* We stated that the defendant "was well aware of the risk associated with denouncing his plea agreement and proceeding to trial. He nonetheless chose to chance the outcome of a jury trial in the hope of obtaining a better result than what the government had offered in exchange for a guilty plea." *Id.* Furthermore, we stressed that after defendant "made this voluntary choice, the government did not reindict [defendant] on *more serious* charges, but rather simply pursued the charges . . . listed in the initial indictment with the intent of obtaining a stiffer penalty than that originally bargained for in the plea agreement." *Id.* (emphasis added). Nowhere, however, did we exclude the possibility that the filing of a § 851 notice may constitute vindictive prosecution outside the context of a plea bargain.

As discussed above, the right to due process of law is violated where the Government increases the severity of charges in response to the exercise of constitutional or statutory rights. In recognizing that the fear of greater punishment may deter a person from exercising his rights, the Supreme Court has stated that a presumption of vindictive-

ness may arise when prosecutors take actions that raise "a realistic likelihood of 'vindictiveness.'" *Blackledge*, 417 U.S. at 27.

Post-*Blackledge*, however, the Supreme Court has found the presumption of vindictiveness only in cases in which the prosecutor files more serious charges after a defendant invokes his or her post-conviction right to appeal. *See, e.g.*, *Thigpen v. Roberts*, 468 U.S. 27, 30-31 (1984); *see also United States v. Perry*, 335 F.3d at 324 (stating "a presumption of prosecutorial vindictiveness is generally warranted only in a post-conviction setting") (citing *Pearce*, 395 U.S. at 726). By contrast, the Supreme Court has rejected the presumption when a superseding indictment was filed before trial after plea bargaining discussions terminated. *See Bordenkircher*, *supra*. The Supreme Court, however, has not reached the issue of whether a presumption of vindictiveness arises when more severe charges are filed after a mistrial. We have addressed this question in a limited fashion as have some of our sister circuits. The fact that a mistrial has occurred unquestionably removes the case from the rigid pre-trial plea bargain context of *Bordenkircher*, but it is also clear that post-mistrial cases are not directly equivalent to the post-conviction setting of *Blackledge*.[7]

---

[7]The Second Circuit has recognized that *Blackledge*-like pressures might operate in the context of a mistrial. *See United States v. Kahn*, 787 F.2d 28, 32 (2d Cir. 1986). In *Lane v. Lord*, 815 F.2d 876, 878-79 (2d Cir. 1987), the Second Circuit held that additional charges in a superseding indictment after mistrial did not raise the presumption of vindictiveness. However, the Second Circuit rested its holding that there was no presumption of vindictiveness on the fact that although the prosecutor added a count, the defendant was not "expose[d] to any greater criminal penalty than the original indictment." *Id.* at 879. The court stated "in the mistrial context, we believe that a threat of greater punishment is required to justify a 'realistic' apprehension of the retaliatory motive on the part of the prosecution." *Id.* (citing *Blackledge*, 417 U.S. at 27); *see also Paradise v. CCI Warden*, 136 F.3d 331, 335 (2d Cir. 1998) (recognizing that *Lane* remains good law, and reiterating the greater punishment requirement). In *Lane*, the Second Circuit noted that in *Blackledge*, the Supreme Court "emphasized that the prosecution creates an apprehension of vindictiveness by 'upping the ante.'" 815 F.2d at 879 (citing *Blackledge*, 417 U.S. at 27-28). The court concluded that "[i]n the absence of a prospect of exposure to increased punishment, we do not believe that a defendant's right to move for a mistrial is realistically chilled by the possibility of facing additional charges on retrial." *Id.*

Our court and our sister circuits have held that the presumption of vindictiveness does not generally arise in the post-mistrial context, but all have declined to adopt a *per se* rule. For example, in *Fiel*, 35 F.3d at 1007-08, we held there was no presumption of vindictiveness when following a mistrial due to a hung jury, the prosecutor brought additional charges based on *newly discovered evidence*. We stressed that "[w]here the change in the indictment is prompted 'by newly discovered evidence supporting the imposition of additional counts . . . a presumption of vindictiveness is not warranted.'" *Id.* at 1008 (citation omitted).

Some of our sister circuits have held that vindictive prosecution claims do not usually arise after a mistrial because the defendant is not affirmatively enforcing his or her constitutional rights. *See, e.g.*, *United States v. Morales*, 108 F.3d 1213, 1220 (10th Cir. 1997) (finding no presumption of vindictiveness when government lodges additional charges after mistrial); *United States v. Rogers*, 18 F.3d 1425, 1430 (8th Cir. 1994) (holding presumption did not arise where prosecutor brought additional charges in re-indictment following mistrial due to a hung jury); *United States v. Marrapese*, 826 F.2d 145, 149 (1st Cir. 1987) (holding vindictiveness was not present when charges were added post-mistrial due to hung jury).

Indeed, *United States v. Contreras*, 108 F.3d 1255 (10th Cir. 1997), is emblematic of this post-mistrial line of cases. In *Contreras*, the government brought a superseding indictment with additional charges following a mistrial due to a hung jury. After conviction on those charges, the Tenth Circuit reviewed the district court's denial of defendant's claim that the additional charges should have been dismissed based on prosecutorial vindictiveness. *See id.* at 1262. The appeals court opined that generally following a mistrial due to hung jury, "there is no reason why the prosecutor would consider the defendant responsible for a new trial." *Id.* (citation omitted). Nonetheless, the court recognized that the Supreme Court has refused to adopt *per se* rules in the prosecutorial vindictiveness context, thus it was necessary to "look to the totality of the objective circumstances surrounding the prosecutorial discretion." *Id.* (citation omitted).

Here, unlike *Contreras*, there is at least some indication that the district court found a reason why the prosecution considered the

defendant responsible for the new trial. *See* J.A. 509 (stating the government asked for an enhancement "simply because they are ticked off at The Court because I made an adverse evidentiary ruling for them and dismissed a count because they weren't ready to go to trial when they were scheduled to go, *and they are taking it out on your client . . . .*") (emphasis added). *Compare United States v. Perry*, 335 F.3d at 324 ("[T]he unopposed mistrial resulting from the deadlocked jury did not arise from [defendant's] exercise of a protected right, but rather was based on trial events largely beyond his control . . . ."). However, the ambiguities in the district court's ruling from the bench prevent us from engaging in a meaningful review of its finding of vindictiveness, thus we remand so that the district court may conduct plenary review of the vindictiveness issue.

### B.

Moreover, under either basis for the district court's finding of vindictiveness, we must nonetheless vacate Hill's sentence because the district court erred in making the presumption of vindictiveness irrebuttable. As we stated in *Wilson*, when a presumption of vindictiveness arises, the prosecution must be afforded an opportunity to rebut that presumption. 262 F.3d at 314. *See also Goodwin*, 457 U.S. at 374 (stating that the government may overcome the presumption "only by objective information in the record justifying the increased sentence"). Here, after finding a presumption of vindictiveness at the sentencing hearing and refusing to impose the mandatory minimum sentence, the district judge failed to give the government an opportunity to rebut the presumption. *See* J.A. 508-520. By making the presumption of vindictiveness irrebuttable, the district court committed a clear legal error. Thus, on remand, in addition to clarifying its basis for the finding of vindictiveness, the district court must give the United States an opportunity to rebut any presumption of vindictiveness.

### V.

For the reasons stated above, we affirm Hill's conviction on each of the six underlying counts of the superseding indictment. Likewise, we affirm the district court's application of the Sentencing Guidelines. However, because the district court did not clearly indicate its

reasoning for the finding of vindictiveness and did not give the government the opportunity to rebut any presumption of vindictiveness, we vacate the district court's sentence and remand for consideration in light of this opinion.

*AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRUCTIONS*